Patricia **MAZZANTI**

v.

**MERCK AND COMPANY, INC.**

**Appeal of Patricia J. MAZZANTI, Appellant.**

**No. 84–1707.**

United States Court of Appeals, Third Circuit.

Argued July 19, 1985.

Decided Aug. 9, 1985.

_____

Hugh J. Bracken (argued), Havertown, Pa., for appellant.

Michael O'S. Floyd, Wilson M. Brown, III (argued), Drinker, Biddle & Reath, Philadelphia, Pa., for appellee.

Before SEITZ, HIGGINBOTHAM and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

PER CURIAM.

In this diversity action we must predict which of the Pennsylvania statutes of limitations the Pennsylvania Supreme Court would apply to an action for tortious interference with an employment contract. Our review is plenary.

On April 20, 1984, Patricia J. Mazzanti (plaintiff) filed a complaint against Merck & Company, Inc. (defendant) alleging a Pennsylvania common law claim for tortious interference with plaintiff's employment contract with PHP Graphic Arts Corporation (Graphic). Graphic had terminated plaintiff's employment on February 1, 1980. Defendant moved to dismiss the complaint on the basis of Pennsylvania's two year statute of limitations. The district court granted the motion, and this appeal followed.

Plaintiff concedes here as she did in the district court that her claim accrued on February 1, 1980, and is barred if Pennsylvania's two year statute controls. She argues that the district court erred in not applying Pennsylvania's six year statute. Her argument goes this way:

The limitation period for civil actions in Pennsylvania is controlled by Sections 5501 to 5536 of the Judicial Code, 42 Pa.Cons. Stat.Ann. § 5501 et seq. (Purdons 1981) (amended 1982, Dec. 20, P.L. 1409, No. 326, art. II, sec. 201). The 1982 amendments to that Act admittedly do not determine the outcome of the instant action because the cause of action had accrued prior to the effective date of the amendments to the controlling sections. *See* Section 403 of Act 1982, Dec. 20, P.L. 1409, No. 326 (amendments to sections 5524 and 5527 became effective prosectively sixty days after the date of the Act).

For the sake of completeness, attention is called to the addition of a seventh paragraph in the 1982 amendment to 42 Pa.C. S.A. § 5524. It provides:

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud except an action or proceeding subject to another limitation specified in this subchapter.

Both parties concede that had that paragraph been in effect at the accrual date of this action, it would have required that the two year statute of limitations be applied.

In our case the district court held that Pennsylvania's two year statute, applicable to actions for "taking, detaining or injuring personal property," 42 Pa.Cons.Stat.Ann. § 5524(3), was controlling. Plaintiff argues that Pennsylvania's residual six year statute governs this case. 42 Pa.Cons.Stat. Ann. § 5527(6). It provides:

The following actions and proceedings must be commenced within six years:

.    .    .    .    .

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

The basic issue here is whether the claim asserted is "subject to another limitation" period. Defendant says the two year statute (42 Cons.Stat.Ann. § 5524(3)) is such a limitation.

The parties agree that the Supreme Court of Pennsylvania has not ruled on the issue of the controlling statute of limitations in the present context, viz., tortious interference with an employment contract. Our court, however, has twice considered the Pennsylvania limitations issue in a § 1983 context. *See Knoll v. Springfield Township School District*, 699 F.2d 137 (3d Cir.1983), *vacated on other grounds*, —— U.S. ——, 105 S.Ct. 2065, 85 L.Ed.2d 275 (1985); *Fitzgerald v. Larson*, 741 F.2d 32 (3d Cir.1984), *vacated on other grounds*, —— U.S. ——, 105 S.Ct. 2108, 85 L.Ed.2d 474 (1985). On both occasions we applied the six year limitation period based on the Pennsylvania statute. If those cases are controlling we are bound to follow them. IOP Chapter 8 C.

In this case the district court decided that *Knoll* and *Fitzgerald* were not controlling, and applied the two year statute of limitations. The district court stated that those cases constituted predictions made in federal question cases whereas this case is founded on diversity. The district court noted that neither *Knoll* nor *Fitzgerald* explicitly analyzed Pennsylvania lower court cases which applied its two year statute of limitations. Unlike the district court, we are bound by our Internal Operating Procedure 8 C, to honor our prior precedent. Thus, what is critical for us is whether *Knoll* and *Fitzgerald* are holdings and, if so, whether they have been undermined by supervening higher authority.

We first address *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), decided after *Knoll* and *Fitzgerald*, which determined that for § 1983 purposes

the most appropriate statute of limitations would be the pertinent state statute governing personal injury actions. On the basis of this decision, the Supreme Court vacated our judgments in both *Knoll* and *Fitzgerald*. Although *Garcia* did not deal directly with the type of claim here involved, it is apparent that *Garcia, Knoll* and *Fitzgerald* all confronted the state limitations problem in the context of federal actions with unique federal policy concerns. Since the implementation of those concerns, in a limitations context, has now been resolved by the United States Supreme Court on a premise different from that which we employed in *Knoll* and *Fitzgerald* to reach the Pennsylvania six year statute, we do not now consider those cases controlling in a diversity context, even assuming that they would otherwise have been binding on us.

We must therefore make a prediction as to whether the Pennsylvania Supreme Court would apply its pre-amendment two year statute or its six year statute to this case. Since there is admittedly no controlling Supreme Court of Pennsylvania case, our power of prophecy is to be informed by a proper regard for the decisions of the lower courts of Pennsylvania. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967). One such opinion, which analyzes the problem in depth, is *Home for Crippled Children v. Erie Insurance Exchange*, 130 P.L.J. 480 (Allegheny County Court of Common Pleas, 1982, *aff'd mem.*, 329 Pa.Super. 610, 478 A.2d 84 (Pa.Super.1984) (affirmed without opinion). That case involved the application of the Pennsylvania statute of limitations to a claim for tortious interference with a contractual relationship. The Court of Common Pleas analyzed the relationship of the two and six year statutes in the context of the subject matter of the action and concluded that the two year statute controlled. We find the court's thorough analysis and reasoning persuasive and prophesy that the Supreme Court of Pennsylvania would reach the same result. Therefore, so do we.

The judgment of the district court will be affirmed.