520 A.2d 37

**Donald M. BENDER, Lucille W. Bender, and F.M. Hsu, trading as Donald M. Bender, Lucille W. Bender and F.M. Hsu, a Partnership, Appellants,**

v.

**Fred C. McILHATTEN.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1986.

Filed Jan. 5, 1987.

Petition for Allowance of Appeal Denied May 27, 1987.

Michael S. Gingerich, Lewistown, for appellants.

James H. Devittorio, Clearfield, for appellee.

Before DEL SOLE, KELLY and POPOVICH, JJ.

DEL SOLE, Judge:

At issue in this case is the application of the appropriate statute of limitations to a claim for tortious interference with lease negotiations.  The trial court held that the two year limitation period provided in 42 Pa.C.S.A. § 5527(3) made Appellants' claim time-barred and for that reason granted Appellee's Motion for Judgment on the Pleadings. Appellants' filed this appeal in which they assert their action is subject to the six year statute of limitation found in 42 Pa.C.S.A. § 5527(6).

█  The statutory periods of limitations for civil actions are controlled by Sections 5501 to 5536 of the Judicial Code, 42 Pa.C.S.A. § 5501 et seq.  Appellants seek to apply the residual provision of 42 Pa.C.S.A. § 5527(6), which establishes a six year limitation period for any action not subject to any other limitation period.  Appellee and the trial court

maintain, and we agree, the residual provision does not apply because this action comes under the two year limitation requirements of 42 Pa.C.S.A. § 5524(3). It provides that "(t)he following actions and proceedings must be commenced within two years: ... (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof." Section 5524 was amended in 1982. The amendment added a seventh paragraph to the provision which requires an action to be commenced within two years.

(7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524(7).

The underlying action in this case was commenced on December 1, 1983 when Appellants filed a complaint in trespass alleging Appellee tortiously interfered with Appellants' lease negotiations sometime between August and October 1981. "Both parties concede that had ... paragraph [seven] been in effect at the accrual date of this action, it would have required that the two year statute of limitation be applied." *Mazzanti v. Merck and Co., Inc.* 770 F.2d 34, 35 (3rd Cir.1985). "The 1982 amendments to th[e] Act admittedly do not determine the outcome of the instant action because the cause of action had accrued prior to the effective date of the amendments to the controlling sections. *See:* Section 403 of Act 1982, Dec. 20, P.L. 1409, No. 326 (amendments to sections 5524 and 5527 became effective prosectively (sic) sixty days after the date of the Act)" *Id.* Appellant submits that while paragraph seven does not apply in this case, its enactment evidences that fact that actions for tortious interference were not meant to be covered under 5527(3). Appellants argue: "[i]t must be assumed that since (7) was added to § 5524 that the causes of action covered by (7) were up to that time not within the

scope of § 5524." Appellants' Brief at 8. Appellants maintain that paragraph three was not meant to include torts against intangible personal property such as contractual rights.

■ We disagree. In *Home for Crippled Children v. Erie Ins. Exchange*, 32 D & C 3rd 357, 130 P.L.J. 480 (1982), aff'd, 329 Pa.Super. 610, 478 A.2d 84 (1984), the relationship of the two and six year statutes was analyzed in the context of a claim for tortious interference with a contractual relationship. The court concluded "an action for interference with a contractual relationship is an action for 'injuring personal property' within the meaning of 42 Pa.C.S.A. § 5524(3)." *Id.* 32 D & C 3rd at 359. In reaching this determination, the court relied upon the definition given to the term personal property by the courts of this state. Personal property has been defined as:

'everything except real estate', *McGlathery's Estate*, 311 Pa. 351, 354, 166 A. 886, 887 (1933), followed in *Klingner v. Pocono International Raceway, Inc.*, 289 Pa.Super. 484, 490–491, 433 A.2d 1357, 1361 (1981), and 'everything that is the subject of ownership, not coming under the denomination of real estate,' *Klingner v. Pocono International Raceway, Inc.*, supra, 289 Pa.Superior Ct. at 490–491, 433 A.2d at 1361, quoting Black's Law Dictionary 1096 (5th ed. 1979). 'Nothing requires that personal property be tangible.' *Klingner v. Pocono International Raceway, Inc.*, supra, 289 Pa.Superior Ct. at 490–491, 433 A.2d at 1361.

The court in *Home for Crippled Children*, also reached its decision by interpreting the purpose of the Act and the policy reasons which underly it.

[T]he language of 42 Pa.C.S.A. § 5524 should be broadly construed because its apparent purpose is to apply a two year statute of limitations to tort actions that are not subject to a lesser limitation period.

. . . . .

[T]here would be no reason for the legislature to apply a longer limitation period to actions for damages to intangi-

ble property. In fact, if the legislature were to distinguish between injuries to intangible property and to tangible property, we would expect an action for damages to tangible personal property to have a greater limitation period because these damages are easier to establish at a later date.

An action for breach of a written contract for the sale of tangible personal property must be brought within four years (42 Pa.C.S. § 5525). It would be absurd to construe the limitation provisions of the Judicial Code in a fashion that permits an action for tortious interference with a contract to be brought within six years while requiring an action for breach of the same contract to be brought within four years. (footnote omitted).

*Home for Crippled Children v. Erie Ins. Exchange, supra,* at 360–361.

Support for the conclusion that an action for tortious interference is governed by the two year statutory limitation which applies to actions for personal property was found in the Judicial Code Explanation prepared by the Pennsylvania Bar Association Special Committee on the Judicial Code, published in the preface of Title 42 Pa.C.S.A., the prevailing case law in other jurisdictions, and the Superior Court case of *Bickell v. Stein,* 291 Pa.Super. 145, 435 A.2d 610 (1981). In *Bickell v. Stein,* the court, without discussing the reasons for its finding the two year period applicable, upheld the trial court's dismissal of an action for fraudulent misrepresentation and intentional interference with contractual relations since the action "was not commenced within the period provided by the applicable statute, 42 Pa.C.S.A. § 5524(3) and (4)". *Id.,* 291 Pa.Superior Ct. at 149, 435 A.2d at 612. *See: Home for Crippled Children v. Erie Ins. Exchange.,* supra, 32 D & C 3rd at 361–362.

■ We can find no reason to support Appellants' allegation that the enactment of paragraph seven disturbs the analysis cited above and the construction given by the courts to paragraph three. We accept the trial court's conclusion that the language of paragraph seven, which

specifically includes within the two year limitation period any action "to recover damages for injury ... which is founded on negligent ... tortious conduct ... including deceit or fraud ...", 42 Pa.C.S.A. § 5524(7), was designed as a "catch basin" and with the intention of "preventing judicial interpretation that would be contrary to the legislative intent." Trial Court Opinion at 2–3. *See: Mazzanti v. Merck and Co., Inc.,* supra (which discussed the amendment creating paragraph seven, noted it was not in effect on the accrual date of the action, and went on to hold the two year statute of limitations found in 5524(3) applied to a claim for tortious interference with an employment contract.) and *Fickinger v. C.I. Planning,* 556 F.Supp. 434, D.C. (1982), (which ruled prior to the enactment of paragraph seven that the limitation period for an action based on fraud was two years as mandated in 42 Pa.C.S.A. § 5524(3).)

For the foregoing reasons, we affirm the action of the trial court and rule that Appellants claim was time-barred.