**Michael R. MONKELIS, Plaintiff,**

v.

**SCIENTIFIC SYSTEMS SERVICES, Defendant.**

**Civ. A. No. 85–2858.**

United States District Court, W.D. Pennsylvania.

Feb. 3, 1987.

Michael R. Monkelis, Munhall, Pa., for plaintiff.

John Meyer, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, Chief Judge.

This case is presently before us on defendant's motion to dismiss. The complaint arose out of plaintiff's discharge from employment by defendant, his former employer. Plaintiff was discharged in "mid-December" 1981, and brought suit December 6, 1985.

For the reasons set forth below we will grant the defendant's motion to dismiss as to Counts V and VI of plaintiff's complaint. Defendant's motion will be denied as to all other counts of the complaint.

### Count V

Count V of plaintiff's complaint is a wrongful discharge claim, alleging that defendant contrived to discharge plaintiff in such a manner that plaintiff was prevented from collecting unemployment benefits. Defendant argues that there are both substantive and procedural grounds for dismissal of Count V. While we find that defendant's argument for dismissal on substantive grounds is without basis, we agree that Count V is barred by the statute of limitations set forth in 42 Pa. C.S.A. § 5524(3).

■ The substantive argument advanced by defendant is that the facts alleged in the complaint do not fall within the "public policy exception" to the employment-at-will doctrine. *See Novosel v. Nationwide Insurance Co.*, 721 F.2d 894, 898 (3d Cir. 1983); *Geary v. U.S. Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974); *Darlington v. General Electric*, 350 Pa.Super. 183, 207–11, 504 A.2d 306, 318–20 (1986). Defendant argues that the facts which plaintiff alleges do not contravene public policy. We are not convinced by this argument. Plaintiff's allegation that defendant contrived to prevent plaintiff from obtaining unemployment compensation, if true, would certainly contravene public policy. Therefore, Count V does state an actionable claim, within the public policy exception to the employment-at-will doctrine. We cannot dismiss Count V on substantive grounds.

■ Defendant also argues that Count V is barred by a two-year statute of limitations. A Pennsylvania statute, 42 Pa. C.S.A. § 5524, enumerates actions which are governed by a two-year limitations period. Other actions are subject to a residual six-year limitations period. 42 Pa. C.S.A. § 5527. Subparagraph (7) of section 5524 became effective on February 18, 1983. It is a catch-all provision which specifies a two-year limitations period for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter." If subparagraph (7) were applicable, it would clearly encompass the allegation in Count V. *See Mazzanti v. Merck & Co.*, 770 F.2d 34, 35 (3d Cir.1985). However, subparagraph (7) is not applicable because it did not come into effect until well after the events which gave rise to plaintiff's complaint.

Defendant argues that, even though subparagraph (7) cannot apply, Count V falls within the ambit of subparagraph (3) of section 5524, which was in effect at the time that plaintiff's claim arose. Subparagraph (3) mandates a two-year limitations period for actions involving the "taking,

detaining or injuring [of] personal property, including actions for specific recovery thereof."

A number of cases have applied subparagraph (3) to analogous actions. *Minor v. Cyclops Corp.,* 32 Pa.D. & C.3d 485 (Allegh.1984), an Allegheny County Common Pleas Court case, involved a factual situation quite similar to the instant case. The plaintiff in *Minor* sued for wrongful discharge, alleging that she was fired when she told her employer that she was about to file a workmen's compensation claim. Her claim arose before subparagraph (7) went into effect. The court held that subparagraph (3) barred the claim under a two year limitations period.

Other cases have analyzed whether subparagraph (3) applies to actions for tortious interference with employment contracts. Although the Pennsylvania Supreme Court has not addressed this issue, *Home for Crippled Children v. Erie Insurance Exchange,* 130 P.L.J. 480 (Allegh.1982), *aff'd mem.,* 329 Pa.Super. 610, 478 A.2d 84 (1984) held that subparagraph (3) governs actions for tortious interference with contractual relationships. The court reasoned that the language of subparagraph (3) applies to actions for injury to personal property, and personal property under Pennsylvania law includes "everything except real estate." *Id.* at 481. Furthermore, subparagraph (3) should be broadly construed:

[T]here would be no reason for the Legislature to apply a longer limitations period to actions for damages to intangible property. In fact, if the Legislature were to distinguish between injuries to intangible and tangible property, we would expect an action for damages to tangible personal property to have a greater limitation period because these damages are easier to establish at a later date.

*Id.* The court noted that its holding was consistent with the Pennsylvania Bar Association's explanation of the Judicial Code, the prevailing case law of other jurisdictions, and the Superior Court decision in *Bickell v. Stein,* 291 Pa.Super. 145, 435

A.2d 610 (1981). *Id.* at 482. *See also Bender v. McIlhatten,* 520 A.2d 37 (Pa.Super.1987) (subparagraph (3) applies to torts against intangible personal property, and therefore bars an action for tortious interference with lease negotiations, which accrued prior to the effective date of subparagraph (7)).

The Third Circuit Court of Appeals has agreed that subparagraph (3) applies to claims for tortious interference with employment contracts. In *Mazzanti v. Merck & Co.,* 770 F.2d 34, 36 (3d Cir.1985), the Third Circuit Court cited the "thorough analysis and reasoning" of *Home for Crippled Children* and held that the two year limitations period barred suit.

*Yaindl v. Ingersoll-Rand,* 281 Pa.Super. 560, 573–77, 422 A.2d 611, 618–20 (1980), addresses the question of whether wrongful discharge claims should be equated with claims for tortious interference with employment contracts. Under the court's analysis, the two types of claims are highly analogous, which lends further support to the holding of the Allegheny Common Pleas Court in *Minor,* in light of the decisions in *Home for Crippled Children* and *Mazzanti.*

In sum, the weight of authority leads us to the conclusion that subparagraph (3) of section 5524 applies to Count V of plaintiff's complaint. Although the *Minor* opinion has not been tested in Pennsylvania's appellate courts, it does stand for the proposition that subparagraph (3) should apply to this action. Furthermore, the reasoning of the Common Pleas court in *Home for Crippled Children,* a tortious interference case, is largely applicable to Count V and is thorough and persuasive. Actions for wrongful discharge and tortious interference with contract are sufficiently similar to be be governed by the same statute of limitations. *See Yaindl,* 281 Pa.Super. 560, 422 A.2d 611. Since the applicable statute of limitations has run, Count V of the complaint is barred, and we will grant defendant's motion to dismiss.

## Count VI

Count VI of plaintiff's complaint alleges that the defendant violated section 43(a) of the Lanham Act, which prohibits deceptive advertising. 15 U.S.C. § 1125(a). Defendant has advanced two procedural arguments for dismissal.

First, defendant argues that a two-year limitations period applies. Since the Lanham Act does not contain its own limitations period, the "court must look to state law for the period which best effectuates the federal policy at issue.... In doing so, the court may look to the local statute which bears the closest resemblance to the federal statute involved and then apply the limitations period applicable to it." *Fox Chemical Co. v. Amsoil, Inc.,* 445 F.Supp. 1355, 1357 (D.Minn.1978). *See also Hill v. Der,* 521 F.Supp. 1370, 1383 (D.Del.1981) (Since federal securities laws contain no express limitations period, the courts must examine state law to find the applicable limitations period, and "[i]t is safe to assume that the Third Circuit adheres to the rudimentary principle that when alternative limitations periods are supplied by state law, the court must select that state statute of limitations which best comports with the substantive federal policies advanced by Rule 10b–5.").

A number of courts have held that section 43(a) claims are most analogous to fraud claims and that therefore the state statute of limitations for fraud applies. *PepsiCo, Inc. v. Dunlop Tire & Rubber Corp.,* 578 F.Supp. 196 (S.D.N.Y.1984); *Fox Chemical,* 445 F.Supp. 1355; *Amana Refrigeration, Inc. v. Consumers Union of United States, Inc.,* 431 F.Supp. 324 (N.D.Iowa 1977). An opinion from the Eastern District of Pennsylvania has taken the opposite position, holding that the limitations period for libel or slander applies. *Bedi Photographics Corp. v. Polaroid Corp.,* No. 76–1107 (E.D.Pa. Aug. 11, 1980). However, the *Bedi* opinion did not convincingly analyze this issue, and we find that the Lanham Act is designed to prohibit fraudulent advertising rather than libelous or slanderous advertising. *See PepsiCo,* 578 F.Supp. at 199. The better conclusion is that the limitations period for fraud should apply.

We note that subparagraph (7) of 42 Pa. C.S.A. § 5524 would once again dictate the outcome if it were applicable. *See supra* at 2–3. Subparagraph (7) prescribes a two year limitations period for common law fraud claims accruing after its effective date. However, plaintiff's cause of action accrued prior to the effective date of subparagraph (7).

The Third Circuit Court has conducted a thorough analysis of the limitations period for common law fraud claims accruing prior to the effective date of subparagraph (7) and has concluded that the applicable limitations period is six years under Pennsylvania's residual statute of limitations. *A.J. Cunningham Packing Corp. v. Congress Financial Corp.,* 792 F.2d 330 (3d Cir.1986); *see also Malley-Duff & Associates v. Crown Life Insurance Co.,* 792 F.2d 341, 344 n. 7 (3d Cir.), *cert. granted,* — U.S. —, 107 S.Ct. 569, 93 L.Ed.2d 573 (1986). Since the applicable limitations period is six years, Count VI cannot be dismissed on grounds that the limitations period has run.

Defendant advances another procedural issue, arguing that plaintiff's status as a former employee does not confer standing to pursue a section 43(a) claim. Although the traditional plaintiff in section 43(a) cases is an injured competitor, the Third Circuit Court has taken a relatively expansive view regarding permissible plaintiffs. In its most liberal opinion addressing the standing issue, the Third Circuit Court reversed the dismissal of a suit brought by an investor and former officer of a bankrupt competitor after the bankruptcy trustee refused to bring suit. *Thorn v. Reliance Van Co., Inc.,* 736 F.2d 929 (3d Cir.1984). The court held that the competitor's investor and former officer had standing to bring suit. However, even the Third Circuit Court's liberal interpretation of standing for Lanham Act purposes would not support plaintiff's standing in this case.

Consequently, Count VI of the complaint will be dismissed for lack of standing.

### CONCLUSION

Count V of plaintiff's complaint will be dismissed because the applicable statute of limitations has run. Count VI of the complaint will be dismissed because plaintiff lacks standing to pursue a Lanham Act section 43(a) claim. After careful consideration, we find no merit in defendant's arguments for dismissal of other counts of the complaint.