635 A.2d 1082

**Marion TORCHIA, Individually and Guardian on Behalf of Robin Ann Torchia, Debra Jean Torchia and Mark Torchia, Appellant,**

v.

**KEYSTONE FOODS CORPORATION, T/A M & M Restaurant Supply Company, Bankers Life Company and Phoenix Mutual Life Insurance Co., Appellee, (Three Cases).**

Superior Court of Pennsylvania.

Argued Oct. 6, 1993.

Filed Dec. 23, 1993.

84

David S.T. Jenkins, Media, for appellant.

Howard A. Rosenthal, Philadelphia, for Keystone Foods, appellee.

Robert S. Davis, Philadelphia, for Bankers Life, appellee.

Robert A. Carpenter, Jr., Media, for Phoenix Mut., appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge:

This appeal is from the summary judgment entered by the Court of Common Pleas of Delaware County in favor of appellees. Herein, we are presented with appellants' claim to life insurance proceeds. The decedent had agreed to maintain appellants as the beneficiaries of his group life insurance policies. However, unbeknownst to appellants, the decedent

changed his beneficiary designation. Appellants now seek to recover the life insurance proceeds from the insurers and the decedent's employer, having already obtained a judgment for the full amount of the policy's coverage from the named beneficiary. We affirm the entry of summary judgment against appellants.

Herein, appellant presents the following questions:

Since the children of Joseph Torchia and Marion Torchia are beneficiaries of the contracts which are the Postnuptial Agreement and the group life insurance policies, are the children not third party creditor beneficiaries to the Postnuptial Agreement since there was consideration given in the Postnuptial Agreement and is the Postnuptial Agreement and the group life insurance policies enforceable against the employer and insurers?

Since this is a contract dispute, and the Postnuptial Agreement and the group life insurance policy bind the insurer and employer, to which the children of Joseph Torchia and Marion Torchia are the third party beneficiaries of the group life insurance policies is not the applicable limitation of action on a contractual theory six years imposed by 42 Pa.Cons.Stat. § 5527(2) or 42 Pa.Cons.Stat. § 5527(6)?

**Are not the Defendant–Appellees barred** from denying liability under the doctrine of collateral estoppel since the Postnuptial Agreement was found to be contractually binding on the group life insurance policies in the case of *Torchia v. Torchia,* 71 Del.Co. 257 (C.C.P.Del.Co.1984) and *Torchia v. Torchia,* [346 Pa.Super. 229] 499 A.2d 581 (Pa.Super.1985)?

In the presence of a latent ambiguity in a contract, which in the case at bar is a Postnuptial Agreement, is it not the court's duty to look beyond the contract to the exigent circumstances surrounding the formation of the contract to ascertain the intent of the parties to the contract?

Appellant's Brief, p. 2.

Recently, in *Grant v. GAF Corp.,* 415 Pa.Super. 137, 148–49, 608 A.2d 1047, 1053 (1992), we reviewed the standards to be

applied when reviewing an entry of summary judgment. Therein, we stated:

> When reviewing the grant of summary judgment, this court will reverse only if there has been an error of law or an abuse of discretion. *Jones v. Keystone Ins. Co.*, 364 Pa.Super. 318, 528 A.2d 177 (1987), *alloc. denied*, 518 Pa. 613, 540 A.2d 535 (1988). Where the pleadings, depositions, answers to interrogatories and admissions filed show no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. *Hedlund Manuf. Co. v. Wiser, Stapler & Spivak*, 517 Pa. 522, 539 A.2d 357 (1988).

With the afore-stated standard of review in mind, we will first summarize the applicable facts: On April 10, 1978, Joseph Torchia began his employment with M & M Restaurant Supply Company, an unincorporated division of appellee Keystone Foods Corporation. At the time of his employment, Joseph Torchia was issued a certificate of group life insurance by appellee Phoenix Mutual Life Insurance Company, at Keystone's direction, for the face amount of $34,000.00. Initially, Joseph Torchia named his first wife, appellant Marion Torchia, as the beneficiary of the policy.

On February 9, 1979, as a part of their divorce proceedings, Marion Torchia and Joseph Torchia entered into a property, support and custody agreement whereby Joseph "agree[d] that he will maintain his children as beneficiaries of all insurance policies that he presently owns." Shortly thereafter, the parties were divorced.

Joseph Torchia then remarried, and, on November 30, 1979, he changed the beneficiary on his Phoenix life insurance policy to his second wife Kathleen M. Torchia. Several years later, on September 12, 1982, Joseph's employer provided him with another group life insurance policy issued by Banker's Life Company which had a face value of $10,000.00. Joseph again designated his second wife, Kathleen Torchia, as beneficiary.

On November 5, 1982, Joseph Torchia died. Upon Joseph's death, Kathleen Torchia retained the services of Attorney Richard C. Tinucci. On November 30, 1982, Attorney Tinucci wrote Joseph's employer and informed Keystone Foods that Joseph had entered into a separation agreement which required him to maintain his children as beneficiaries on all life insurance policies which he owned as of February 9, 1979. Attorney Tinucci then requested information concerning any such insurance policies of which Keystone or M & M Restaurant Supply were aware. Attorney Tinucci also sent a copy of his correspondence to Attorney William J. Kelly who represented Joseph's children, appellants Robin, Debra and Mark Torchia. By letter dated December 15, 1982, Attorney Tinucci sent a copy of the separation agreement to Bernard Eizen, Esquire, who was counsel for Keystone Foods and its subdivision M & M Restaurant Supply. Therein, he again inquired about any life insurance policies which Joseph may have owned as of February 9, 1979. Again, a copy of the letter was sent to William Kelly, Esquire.

On December 22, 1982, Attorney Eizen advised Attorney Tinucci by letter with a copy sent to Attorney Kelly, that Joseph owned no life insurance through their company, but that "[t]he company maintains a plan of group term life insurance, pursuant to which Mr. Torchia held a certificate of group insurance." He also advised that Kathleen M. Torchia was the named beneficiary, and, absent any agreement between Kathleen and appellants to the contrary, Keystone would direct its insurer to pay the benefits to Kathleen, in accordance with the group life insurance plan.

In response to Attorney Eizen's letter, on December 28, 1982, Attorney Tinucci requested that the insurance proceeds be paid directly to his client Kathleen Torchia. The following day, Attorney Eizen informed Attorneys Tinucci and Kelly that the proceeds would be distributed according to the group life plan.

By letter dated January 3, 1983, William Kelly, Esquire, objected to Keystone's planned distribution of the proceeds on

the grounds that Joseph had no right to change his named beneficiaries. He requested that the insurance companies refrain from issuing the proceeds until the claim was resolved with Kathleen Torchia. However, on January 3, 1983, Keystone Foods forwarded to Kathleen Torchia insurance proceeds in the amount of $44,378.34, and, on January 4, 1983, Kathleen negotiated the checks for the insurance benefits.

We note that neither Joseph's employer nor the insurance companies were informed of the existence of the property settlement agreement until *Kathleen's counsel* sent a copy of the agreement to Keystone's legal counsel following Joseph's death. We further note that the children's legal counsel failed to object to the disbursement of the proceeds until January 3, 1993, the date they were actually disbursed and nearly two months after the death of Joseph.[1]

Subsequently, Marion Torchia, as parent and guardian of her minor children, commenced an equity action against Kathleen Torchia to recover the sum of $44,000.00, plus interest. At trial, Marion Torchia and her children prevailed and were awarded $44,000.00, plus interest. On appeal, we affirmed stating, "a contract not to change the beneficiary of a policy of life insurance, entered into by the insured and his designated beneficiary for valuable consideration, is binding as between the insured, or his volunteer, and the contractually determined beneficiary and will be enforced in equity." *Torchia v. Torchia*, 346 Pa.Super. 229, 233–35, 499 A.2d 581, 583 (1985). See also, *Hundertmark v. Hundertmark*, 372 Pa. 138, 93 A.2d 856 (1952); *Visnik v. Mance*, 326 Pa. 399, 402, 191 A. 127, 129 (1937). Therein, we reasoned that Joseph's children had an equitable interest superior to that of Kathleen in the proceeds of the policies. The children's interest had been vested by their father's agreement, and, therefore, it would be unjust to permit Kathleen Torchia to retain the proceeds in preference to the children, even though she was a passive and innocent party. *Torchia*, 499 A.2d at 584.

After the prior litigation was complete, Marion Torchia and her children were able to recover approximately $20,000.00

1. We note that William Kelly, Esquire, no longer represents appellants.

from Kathleen Torchia. Appellants filed the present civil suit on March 7, 1988, over five years after Joseph's death and the distribution of the insurance funds. Herein, they seek to collect the remaining $24,000.00, plus interest from Joseph's employer and its insurance companies. Appellants contend that Keystone, Phoenix Mutual Life Insurance and Banker's Life breached the terms of the group life insurance contracts. Appellants further contend that they are third party beneficiaries of the group life insurance policy and, thus, entitled to enforce the terms of the life insurance policies, as modified by the Torchia's property settlement agreement. The lower court, however, agreed with appellees' characterization of this suit as a tort, rather than contract, action.[2] It granted summary judgment on the basis that the suit was not brought with the two-year statute of limitations applicable to tort actions. 42 Pa.C.S.A. § 5524. This appeal followed.

We turn now to the issue of whether appellants are third party beneficiaries to the group life insurance policies such that they are permitted to enforce those insurance contracts. Our resolution of this issue will likewise resolve the issue of whether the lower court applied the correct statute of limitations, i.e., the six-year written contract or two-year tort limitation period.

In *Scarpitti v. Weborg*, 530 Pa. 366, 372–73, 609 A.2d 147, 150–151 (1992), our Supreme Court defined a third party beneficiary as follows:

Accordingly, we hold that a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, *Spires[ v. Hanover Fire Insurance Co.], supra* [364 Pa. 52, 70 A.2d 828 (1950) (plurality opinion) ], *unless*, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the

2. Appellees argued that appellants had no contractual relationship with them. Therefore, the only possible grounds for their claims is that appellees in some way tortiously interfered with execution of the post-nuptial property settlement agreement or that appellees were negligent in paying the named beneficiary on the policy.

parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit to the promised performance. *Guy[ v. Liederbach], supra* [501 Pa. 47, 459 A.2d 744 (1983) ]. See also, *Manning v. Aetna Casualty & Surety Co.,* 353 Pa.Super. 139, 141–44, 509 A.2d 374, 375–376 (1986).

■ Clearly, appellants are not third party beneficiaries of the group life insurance contract. Neither Keystone Foods nor its insurers intended the contract to benefit Joseph's children. Rather, the parties to the contract, i.e., Joseph, Keystone and the insurers, expressly intended Kathleen Torchia to be the third party beneficiary of the group life insurance policy. In fact, Keystone and the insurers were never notified of the Torchia's property settlement agreement until well after Joseph's death, and appellants did not object to the payment of the funds to Kathleen Torchia until the same day as the funds were disbursed.

Appellants, more precisely Joseph's children, correctly contend that they were intended third party beneficiaries of their parent's property settlement agreement. *Scarpitti, supra.* Further, they correctly note that we have previously determined that they were entitled to the proceeds from the insurance policies. *See, Torchia, supra.* However, in their prior suit, we did not determine that they were third party beneficiaries to the insurance contracts. In *Torchia, supra,* their suit was in equity, and we determined that Kathleen Torchia was unjustly enriched by her receipt of the insurance proceeds, since appellants were third party beneficiaries *to their parent's property settlement agreement.*

■ Instantly, we conclude there is no contractual relationship or obligation between appellees and appellants. Consequently, appellants' cause of action cannot be based in assumpsit, but rather must sound in trespass. Appellants complain that the lower court should have applied the limitations period for written contracts as encompassed by the catch-all, six-year statute of limitations set forth in 42 Pa.C.S.A. § 5527. However, it is clear that appellants' cause of action is actually for

either tortious interference with contract rights or negligence related to the payment of funds to Kathleen Torchia. Thus, the two-year statute of limitations as set forth in 42 Pa.C.S.A. § 5524(3) applies. See, *Bender v. McIlhatten,* 360 Pa.Super. 168, 520 A.2d 37 (1987), *appeal denied,* 515 Pa. 571, 527 A.2d 533 (42 Pa.C.S.A. § 5524(3) governs tortious interference with contract rights); *Mazzanti v. Merck and Co.,* 770 F.2d 34, 35 (3rd Cir.1985). Since appellants failed to file this suit until more than five years after the insurers distributed the insurance proceeds to Kathleen Torchia, we agree with the lower court that the present action is barred by the statute of limitations.

Therefore, we find that the lower court properly entered summary judgment in this action since there is no genuine issue of material fact, and appellees are entitled to judgment as a matter of law. Accordingly, we affirm.[3]

Summary judgment affirmed.

**3.** We will not address appellants' remaining issues, i.e., appellees are collaterally estopped by our prior decision in *Torchia, supra,* from denying liability under the terms of the insurance contract and that the Torchia's property settlement agreement contains a latent ambiguity which should be resolved in the children's favor. Presentment of those issues presume a timely cause of action has been filed. However, appellants have not filed their suit in a timely manner, and, consequently, those issues are not properly before us.