NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2660
_____

JAMIEL JOHNSON,
                                        Appellant

v.

JOHN N. PERSON, Esquire-Deputy Prothonotary-Eastern District of Pennsylvania
Supreme Court
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-05287)
District Judge:  Honorable Joseph F. Leeson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2019

Before: JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed: August 15, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Jamiel Johnson appeals the District Court's order denying his motion for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

reconsideration and his motion to amend his complaint. For the reasons below, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Johnson's claims are well known to the parties, set forth in the District Court's opinions, and need not be discussed at length. Briefly, Johnson, a Pennsylvania prisoner serving a life sentence for murder, alleged that he filed a petition for review with the Supreme Court of Pennsylvania, arguing that Pennsylvania's statutes criminalizing murder were vague and overbroad. The Supreme Court of Pennsylvania denied the petition for review on July 25, 2014, and the time to file for reargument expired fourteen days later on August 8, 2014. Johnson alleges that he mailed a motion for an enlargement of time to file for reargument on August 8, 2014, which should have been considered timely under Pennsylvania's prisoner mailbox rule. See Thomas v. Elash, 781 A.2d 170, 176 (Pa. Super. Ct. 2001). When Appellee Person, Deputy Prothonotary of the Pennsylvania Supreme Court, received the motion on August 27, 2014, nearly three weeks after the time to file had expired, he allegedly returned the motion to Johnson with a letter indicating that the motion was rejected as untimely. Johnson alleged that he resubmitted his papers and Person again returned them. Johnson asserted that Appellee violated his rights when he refused to file Johnson's motion and that this caused him to be in prison two years more than he would have been if the Supreme Court of Pennsylvania had heard his motion for reargument. Johnson contended that Person should have sent him a letter inviting him to correct the deficiency of his motion and giving him the opportunity to explain how it was

timely filed.

In response to Johnson's amended complaint, Appellee filed a motion to dismiss which the District Court granted. Johnson then filed a motion for reconsideration and a motion to amend which the District Court denied. Johnson filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We generally review a District Court's denial of a motion for reconsideration for an abuse of discretion. However, if the denial is based on a legal question, our review is plenary. Koshatka v. Phila. Newspapers, Inc., 762 F.2d 329, 333 (3d Cir. 1985). To the extent that Johnson seeks review of the District Court's order dismissing his complaint, our review is de novo. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). We may affirm the District Court on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In his motion for reconsideration, Johnson conceded that the District Court correctly dismissed several of his claims: "[p]laintiff concedes all other grounds this Court dismissed his amended complaint on except the ones he ha[s] rebutted herein." He also conceded that several of his legal theories, which he did not list or describe, were too vague to state a claim against Appellee. Finally, he conceded that the dismissal without prejudice of his claims of denial of access to court was appropriate until his conviction is invalidated. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (to recover damages for allegedly wrongful imprisonment, plaintiff must demonstrate that the confinement has been found unlawful). We will address those claims Johnson argued in his motion for

3

reconsideration.[1]

Johnson argued that Appellee had violated his rights to procedural due process because Appellee failed to invoke the "prison mailbox rule" and find Johnson's motion for an enlargement of time to be timely filed. In order to state a claim of the violation of the right to procedural due process, a litigant must allege that the Government deprived him of a protected interest in life, liberty, or property and that the deprivation occurred without due process. Burns v. Pa. Dep't. of Corr., 544 F.3d 279, 285 (3d Cir. 2008). Under Pennsylvania Rule of Appellate Procedure 2543, reargument is discretionary and not a matter of right; thus, Johnson was not deprived of any protected right to reargue his petition for review.

He also contended that Appellee's actions violated his rights to equal protection as a "class of one." To succeed on a claim based on a "class of one" theory, Johnson must show that he was intentionally treated differently from others similarly situated and that there was no rational basis for the treatment. See Phillips v. Cty of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008). Johnson did not point to any other imprisoned litigants whose filings were received nearly three weeks after a deadline who were then sent a letter by Appellee inviting them to establish that that the prison mailbox rule applied to their filing, as Johnson contended Appellee should have done.

As for Johnson's claim that his right to substantive due process was violated, he

---

[1] We agree with the District Court that Johnson's remaining claims are without merit or barred from consideration.

4

has not alleged conduct by Appellee that shocks the conscience. Cty of Sacramento v. Lewis, 523 U.S. 833, 847-49 (1998). That Appellee did not allegedly consider that Johnson's motion might have been timely mailed three weeks before it was received does not shock the conscience.

In his motion for reconsideration, Johnson also challenged the District Court's dismissal of his claims filed pursuant to 42 U.S.C. §§ 1981 and 1982. We agree with the District Court that Johnson failed to state a claim under these statutes because there were no contract or property rights involved. See 42 U.S.C. §§ 1981 & 1982; Brown v Phillip Morris Inc., 250 F.3d 789, 796-97 (3d Cir. 2001).

Johnson argues that the District Court erred in determining that his state law claim of assumpsit was barred by Pennsylvania's sovereign immunity. However, his assumpsit claim is without merit as he had no contract or agreement with Appellee. Torchia v. Keystone Foods Corp., 635 A.2d 1082, 1086 (Pa. Super. 1993). Moreover, in his motion to amend, Johnson requested to delete his assumpsit claim and instead raise a claim of abuse of civil process. However, Johnson has not alleged that Appellee initiated any civil proceedings against him. See 42 Pa. C.S.A. § 8351 (elements of wrongful use of civil proceedings).

On appeal, Johnson has filed a motion requesting that we compel the District Court to docket his filings. While he states that he submitted the filings in 2018, it appears that he is actually referring to filings he submitted in 2017. He appears to contend that he never received acknowledgement that his motion in opposition to the

motion to dismiss and his motion to change his address were received by the District Court. However, the District Court's docket reflects that these documents were, in fact, received and filed.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Johnson's motion to compel is denied.