**Allen R. SMITH, et al., Plaintiffs,**

v.

**CONSOLIDATION COAL COMPANY/ISLAND CREEK COAL COMPANY, Defendants.**

Civil Action No. 96–cv–102.

United States District Court,
W.D. Virginia,
Abingdon Division.

Sept. 17, 1996.

Opinion on Reconsideration Nov. 12, 1996.

Daniel H. Sachs, United Mine Workers of America, Castlewood, VA, for plaintiffs Allen R. Smith, Dallas E. Perkins, Donald W. Ford, Carl B. Jackson, Danny L. Wade, Jerry L. Settle, Larry E. Coleman, Johnny R. Proffitt, Jimmy Smith, Roger D. Yates, Hassell W. Peck, Furley L. Hubbard, Ronnie C. Owens, Ralph K. Stilwell, Woodrow Honaker, Burton Vanover, Jr., Bernard Hart, Jessie L. Childress, Wendell Endicott, William H. Mitchell, Jerry D. Edwards, James E. Dotson, Carl Hay, Thomas Harmon, Garland Owens, Gary Deel, Franklin D. Hagy, Gary L. Jackson, Jerry Blankenship, Wayne H. Hagy, Calvin Johnson, Larry A. Shepard, Donnie Blankenship, Larry D. Rasnake, Jerry Deel, Edsel B. Fraley, Lester Johnson, Jr., Iven F. Dales, Eddie D. O'Quinn, Donald Baldwin, Avery A. Edwards, Ronnie Lee Yates, Danny R. Jackson, Lonzo J. Lee, Richard A. Hess, Barry L. Jessee, Lonnie T. Raines, Douglas Shepherd, Clyde J. Yates, Douglas A. Stacy, Billy Ray Viers, Paul E. Mathis, Jerry B. McGlothlin, Fred A. Osborne, James D. McGlothlin, Charlie Stacy, Ernest M. Tickle, Roger Mullins, Burlin Owens, Chas. T. Blankenship, Clifford M. Owens, Cline Estep, Homer Compton, Michael H. Stanley, Arthur Woods, Winston D. Boyd, Jerry R. Ward, Gary E. Elswick, Kenneth A. Thomas, Elmer C. Ball, Elden Donald Gross, Ricky A. Miller, Danny E. Blankenship, Jackie H. Rowe, Clyde M. Hess, Larry S. Brown, Avis L. Ratliff, Douglas E. O'Quinn, Randy M. Grizzle, Randolph Yates, Larry J. Davis, Lloyd Deel, Berlin Viers, Jimmy D. Edwards, Jimmy Viers, Narvel Brown, Jr., Glennis Deel, Ballard Hess, Woodrow Smith, Denver Thomas, Larry Looney, Benny L. Henkel, Clinard Coleman, George E. Payne, Frank Colley, Larry D. Deel, Steve A. Deel, Ernest Smith, Phillip Vance, Jr., James M. Dye, Gregory Mullins, Douglas Owens, Alex E. Powers, Earl K. Baldwin, Blaine D. Kelley, James H. Rose, Jack Stiltner, Larry M. Carter, Billy T. Yates, Roy W. Phillips, Bobby L. Bragg, Stephen D. Davis, Robert M. Wright, Jr., Vester Deel, Billy R. Gilbert, Jerry L. Lambert, Paul R. Coleman, James E. Adkins, Glen E. Owens, Daniel Dale, Grant W. Shepard, Dennis D. Powers, Earl S. White, Johnny W. Looney, Bobby D. Newberry, Eddie G. Bostic, Ralph D. Armes, Jerry D. Compton, Raymond L. McCoy, Roy D. Farmer, Jimmy Smith, Jr., Steven J. Lane, Albert D. Arnold, Archie A. Parrigan, Caral Daugherty, Dewayne Wallace, Donald Keaton, Ernest E. Rose, Gary W. Jackson, Gary D. Smith, Ronald Deel, Teddy V. Collins, Claude T. Dotson, David M. Hess, James L. Taylor, Richard Nowlin, Glen A. Wright, Charles F. Forrester, Ronald L. Adkins, Keith Whited, Jackie L. Ashby, Clarence R. Estep, Gary T. Jackson, Melvin L. Johnson, Gerry L. Gaby, William M. Jackson, Freddie G. Endicott, Gary W. Parrigan, Gary L. Richardson, Fairley Ramey, Ray L. Blankenship, Adrin D. McGlothlin, Jerry W. Gillespie, Clarence E. Sword, Larry W. Powers, Larry R. Stacy, Jack E. Brown, Gerald T. Francis, Michael V. Adkins, Linda G. Mullins, Connie Z. Goff, Douglas M. McGlothlin, Michael S. Estep, Larry R. Baker, Earl K. Colley, Raymond C. Elswick, Tommy F. Slone, Martin E. Ratliff, Estil E. Wilson, Gary W. Matney, Phillip R. Reynolds, Jr., Jackie Lee Owens, Michael K. Boyd, Clyde B. Ferrell, Jerry Wayne Crabtree, Billy J. Davis, Jr., Hugh Lynn Mullins, William D. Green, Clinard G. Lambert, Ralph E. Justus, David P. Helbert, Donald B. Ramey, Harless W. Fletcher, Carrie C. Absher, Darrell B. Salyers, Randall K. Shrader, John V. Hagy, Jr., Randall D. Honaker, Clata C. Mitchell, Jr., Billy R. Thacker, James M. Hagerman, Buford L. McGlothlin, Eulis Keene, James B. Vandyke, Paul H. Sullivan, Robert L. Moore, Henry Stiltner, Joe Bill Miller, Ronald D. Charles, Dwain E. Bailey, Denny J. Coleman, Ronnie R. Street, Robert K. Owens, Willy H. Charles, Perry G. Gilbert, Jr., Ferrell Shortridge, James H. Shortridge, Cecil Ward, Jr., Garrett E. Harris, United Mine Workers of America, Local Union 1640, United Mine Workers of America, District 28.

Mary Lynn Tate, Tate, Lowe & Rowlett, Abingdon, VA, for defendants Consolidation Coal Company, Island Creek Coal Company.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This action is before the court pursuant to the Worker Adjustment and Retraining Noti-

fication Act ("WARN"), 29 U.S.C. § 2104(a)(5). Defendant Island Creek Coal Company ("Island Creek") filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), and seeks costs in defending this action. Defendant Consolidation Coal Company ("CCC") filed a motion to dismiss and a motion for attorney fees and sanctions. The court grants Defendant Island Creek Coal Company's motion to dismiss and denies both defendants' motions for costs and sanctions.

## I. Statement of the Case

On June 7, 1996, Island Creek laid off at least 285 employees. Island Creek employed at least 294 people at the time of the layoff. Island Creek did not provide 60 days notice of the layoff. Plaintiffs are employees of Island Creek and have filed an action pursuant to the WARN Act seeking 60 days of back pay, attorney fees, and any other relief deemed appropriate. Defendant Island Creek has filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss arguing that the Plaintiffs' cause of action is premature and also seeking costs. Defendant CCC has filed a motion to dismiss arguing that it is an inappropriate party to the suit and seeking attorney fees and sanctions against Plaintiffs.

## II. Discussion

Under the WARN Act, a statutory employer must give "affected employees" 60 days notice before a "mass layoff" or a "plant closing" when it affects at least 33% of the employees and involves at least 50 employees. 29 U.S.C. § 2102(a). If the employer fails to give such notice, the "affected employees" may sue for back pay for the period of time deficient in notice. *Id.* § 2104(a). Thus, in order to survive the Fed.R.Civ.P. 12(b)(6) motion Plaintiffs must establish that Island Creek is a statutory employer, a "mass layoff" occurred affecting the requisite number of employees, and no 60 day notice was given.

There is no dispute that Island Creek is an "employer" for the purposes of the WARN Act. There is also no dispute that a layoff which affected at least 50 employees and 33%

of the work force occurred on June 7, 1996, and that no 60 day notice was given before said layoff. The argument of the parties in this case centers around what constitutes a "mass layoff." A "mass layoff" is defined as a reduction in force which is not the result of a plant closing and results in an "employment loss." [1] 29 U.S.C. § 2101(a)(3). Therefore, an "employment loss" is a necessary element of a damages claim under the Act. An "employment loss" is defined as "(A) an employment termination ..., (B) a layoff exceeding 6 months, or (C) a reduction of hours of work of more than 50 percent during each month of any 6–month period...."

Plaintiffs argue that the action accrues at the time the employer failed to comply with the statutory duty, i.e. at the time notice was due. Plaintiffs support this argument by relying on the fact that 29 U.S.C. § 2104(a)(5) does not state that the employees must actually experience 6 months of employment loss before filing the action in court. This argument is unfounded. Section 2104(a)(5) provides a civil remedy for a violation of the Act. Section 2102 of the Act sets out the requisite elements required before a violation occurs. One of those elements is that either a "mass layoff" or a "plant closing," both of which require an "employment loss," occurs.

Plaintiffs further argue that because Defendant Island Creek has not told Plaintiffs when they will be recalled, we can presume that the layoff will exceed six months. Therefore, they argue, the statute should be interpreted to allow suit once it is reasonably expected that the layoff will exceed six months. Plaintiffs rely on the Act's definition of an "affected employee" which is "employees who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." *See* 29 U.S.C. § 2101(a)(5). This definition is relevant in determining who must be notified before a "proposed" layoff not in determining what

---

1. A "plant closing" is defined as a permanent or temporary shutdown, if the shutdown results in an "employment loss," and therefore, also re-

quires an "employment loss" before the action accrues.

constitutes an "employment loss" because of lack of notice of a layoff.[2]

When interpreting a statute "[i]f the intent of Congress is clear, that is the end of ·the matter; for the court, . . . [it] must give effect to the unambiguously expressed intent of Congress." *Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). The present statute is unambiguous in defining an "employment loss" and in requiring such a loss to establish a "mass layoff." The statute also specifically provides for the conversion of a layoff which was not expected to exceed six months at the outset into an "employment loss" once it has exceeded six months. *Id.* § 2102(c).

Plaintiffs were laid off in June of 1996, and this is mid-September. Plaintiffs have not experienced a layoff which exceeds six months, and there is no allegation of any terminations or reduction in work hours. Plaintiffs have not suffered an "employment loss." Therefore, their claim under the WARN Act is premature and Defendant Island Creek's motion to dismiss must be granted pursuant to Fed.R.Civ.P. 12(b)(6). Defendants' motions for costs and sanctions against Plaintiffs are denied.

## MEMORANDUM OPINION ON RECONSIDERATION

Plaintiffs have filed a motion to reconsider this court's Order dismissing the above captioned action. Plaintiffs argue that they have alleged an employment loss and that this issue cannot be dismissed as a matter of law because it is a question of fact.

An employer's liability under the Workers Adjustment and Retraining Notification ("WARN") Act is spelled out in 29 U.S.C. 2104(a)(1):

(1) Any employer who orders a plant closing or mass layoff in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such a closing or layoff. . . .

As this court stated in its Memorandum Opinion dated September 17, 1996, an employment loss is a necessary element of the Plaintiffs' cause of action. An employment loss is defined by the WARN Act as a layoff exceeding six months. 29 U.S.C. § 2101(a)(6). Plaintiffs have only alleged one layoff in their complaint, and this layoff began on June 7, 1996.

This court is well within its discretion in taking notice that not even one month had passed at the time Plaintiffs filed this action on June 20, 1996. At present, only five months have passed since the alleged layoff began; therefore, there cannot have been an employment loss in the present case. This action is premature.

---

**2.** Plaintiffs also argue that since the relevant statute of limitations has been decided by at least one district court to be one year, it would be unreasonable to require the affected employees to wait half of that time before filing suit. (Plaintiff's Memorandum Opposed to Motion to Dismiss, at 2.) (citing *Luczkovich v. Melville Corp.,* 911 F.Supp. 208 (E.D.Va.1996) (finding the relevant statute of limitations for a WARN violation to be Va.Code § 8.01–243(A) (Supp.1993), which is the 1 year statute of limitations catchall used

for wrongful discharges)). This argument is flawed first of all by the fact that this statute has been amended to provide a two-year statute of limitations effective for any personal action which accrues on or after July 1, 1995. *See Luczkovich,* 911 F.Supp. at 209 n. 1. Furthermore, the statute of limitations is not triggered until the cause of action arises. So, the affected employees would have the full limitations period in which to file their claim after the requisite 6 months had passed.