**Edith JONES, et al., Plaintiffs,**

v.

**KAYSER–ROTH HOSIERY, INC., Defendant.**

**No. Civ. 3–89–545.**

United States District Court, E.D. Tennessee, N.D.

Nov. 21, 1990.

Thomas M. Hale, E.H. Rayson, Kramer, Rayson, McVeigh, Leake & Rodgers, Knoxville, Tenn., J. Polk Cooley, Cooley, Simmons & Cooley, Rockwood, Tenn., Richard K. Evans, Kingston, Tenn., for plaintiffs.

Martin N. Erwin, Smith, Helms, Mulliss & Moore, Greensboro, N.C., D. Michael Swiney, Paine, Swiney and Tarwater, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

ROBERT P. MURRIAN, United States Magistrate Judge.

This case is before the undersigned pursuant to 28 U.S.C. § 636(c) and Rule 73(b), Federal Rules of Civil Procedure, for all further proceedings including entry of judgment. The plaintiffs' motion to alter or amend is currently pending before this court [Doc. 58].

Plaintiffs timely move, pursuant to Rule 59(a), Fed.R.Civ.P., for an order altering or amending the Memorandum and Order filed October 25, 1990, 748 F.Supp. 1292. Plaintiffs contend that they believe there has been a misunderstanding concerning their position with respect to their right to recover the actuarial cost to Kayser–Roth Hosiery, Inc. ("KR") of providing plaintiffs' weekly disability benefits; that it is plaintiffs' position that they *are* entitled to the actuarial cost of providing this benefit on the same basis that they are entitled to the actuarial cost of providing the medical insurance benefit; that it is admitted that the actuarial cost to KR of providing this benefit was $4.80 per month per employee; and that each class member's award of damages should include the $4.80 per month per employee actuarial cost to the defendant of providing the weekly disability benefit [Doc. 58A].

The defendant opposes the plaintiffs' motion, contending that 29 U.S.C. § 2104(a)(1)(B) does not provide for the recovery of the cost of providing disability benefits to employees; and that for all of the reasons discussed in defendant's Memorandum in Support of Defendant's Position on Damages [Doc. 54], and in the Memorandum of Law in Support of Defendant's Post–Trial Proposed Findings of Fact and Conclusions of Law [Doc. 40], there is no sound reason why the statute should be judicially expanded to permit such a recovery [Doc. 59A].

Plaintiffs are correct that the undersigned misunderstood plaintiffs' contentions with regard to recovery of damages for weekly disability benefits in that the undersigned believed that, for whatever reason, plaintiffs agreed they were not entitled to recover any damages for this benefit. I now understand plaintiffs to contend that they are entitled to recover the actuarial cost to defendant of providing plaintiffs' weekly disability insurance benefits.

For all of the reasons indicated in the Memorandum Opinion filed July 18, 1990 [Doc. 45] 748 F.Supp. 1276, and in the Memorandum and Order filed October 25, 1990 [Doc. 57] 748 F.Supp 1292, the undersigned finds that plaintiffs are entitled to recover the cost of the weekly disability insurance benefit, *see* Conference Report on H.R. 3, H.R. Report No. 100–576, 100th Congress, 2nd Session at p. 1051 ("the employer would be liable for back pay for each day of the violation plus *the cost of related fringe benefits* for each day of the violation...."); that this disability policy was part of plaintiffs' compensation for employment which had value to all plaintiffs; and that the cost to KR is a reasonable method for calculation of the value of this benefit ($4.80 per month per employee) since KR was a self-insurer of same. *See e.g., Green v. United States Steel Corporation,* 640 F.Supp. 1521, 1529–1533 (E.D. Pa.1986), *modified on other grounds,* 843 F.2d 1511 (3rd Cir.1988).

Accordingly, plaintiffs' motion to alter or amend is hereby GRANTED, and it is hereby ORDERED that the Memorandum and Order filed October 25, 1990, 748 F.Supp.

1292 be, and same hereby is, AMENDED to reflect the foregoing.

It is further ORDERED that the "Notice of Decision and Request for Information" attached as Appendix I ("Notice") to Document no. 57 be amended as follows:

The first sentence of Section 3.B. at p. 3 shall be deleted and replaced by the following:

Generally, the trial judge concluded that the class members who are entitled to recover may, in addition to back pay, receive the value (premiums or cost of benefits to Kayser–Roth) of medical insurance, savings plan contributions, sickness benefits, vacation pay, pension contributions, and weekly disability benefits, all calculated for the period of the violation.

It is further ORDERED that within 14 days of entry hereof said Notice as amended be mailed to each member of the plaintiff class.

IT IS SO ORDERED.