Charles ·A. THOMAS, et al., Plaintiffs

v.

**NORTH STAR STEEL COMPANY, INC., Defendant.**

No. 4:CV–92–1507.

United States District Court, M.D. Pennsylvania.

May 25, 1993.

Karen L. Hackman, Rudnitsky & Hackman, P.C., Margaret L. Markle, Rudnitsky & Hackman, P.C., Selinsgrove, PA, for plaintiffs.

Vincent Candiello, Morgan, Lewis & Bockius, Harrisburg, PA, for defendant.

## ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 23, 1992, the Plaintiffs filed this action pursuant to the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq. The events which form the basis of this action occurred on February 25, 1991. On that date North Star Steel Company, Inc. (hereafter "North Star

Steel"), laid off approximately 270 employees at its Milton, Pennsylvania, plant. The Plaintiffs allege that they are entitled to damages because they were laid off without any notice.

On April 1, 1993, the parties filed cross motions for summary judgment. Both of those motions have been fully briefed and are ripe for disposition.

The standard for summary judgment pursuant to Federal Rule of Civil Procedure 56 is well settled. Summary judgment is not proper where a reasonable jury could find for the non-moving party on a material issue of fact. Since a reasonable jury presumably needs more than a scintilla of evidence to find in favor of a party with the burden of persuasion, more than that amount of evidence must be produced by the non-movant in order to survive a summary judgment motion. The non-movant must present evidence beyond his or her pleadings to meet this requirement. *Williams v. Borough of West Chester,* 891 F.2d 458, 459–60 (3d Cir. 1989). We first address North Star Steel's motion for summary judgment.

In its motion North Star Steel argues that the Plaintiffs' claims are time barred because they commenced this action approximately 20 months after the events which gave rise to their cause of action. North Star Steel reasons that the appropriate statute of limitations for actions brought pursuant to the Worker Adjustment and Retraining Notification Act is six months. In response the Plaintiffs argue that their complaint was timely filed because the applicable statute of limitations is three years.

■ The Worker Adjustment and Retraining Notification Act does not contain an express statute of limitations. In such instances the United States Supreme Court has "generally concluded that Congress intended that the Courts apply the most closely analogous statute of limitations under state law." *Reed v. United Transp. Union,* 488 U.S. 319, 323, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989) (quoting *DelCostello v. Teamsters,* 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983)). However, that general principle does not apply

when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking.

*Id.* (quoting *DelCostello,* 462 U.S. at 172, 103 S.Ct. at 2294).

■ The Plaintiffs assert that the general principle should be followed and that the statute of limitations in Pennsylvania's Wage Payment and Collection Law, which is three years, should be applied in this case.

■ The Wage Payment and Collection Law, 43 P.S. §§ 260.1 et seq., does not create an employee's right to compensation but only establishes a right to enforce the payment of wages and compensation to which an employee is otherwise entitled. 43 P.S. § 260.5(a); *Weldon v. Kraft, Inc.,* 896 F.2d 793 (3d Cir. 1990). The Worker Adjustment and Retraining Notification Act differs from the Pennsylvania Wage Payment and Collection Law in that the former creates a statutory right to monetary damages when an employer violates its provisions.

In *Haggerty v. USAir, Inc.,* 952 F.2d 781 (3d Cir.1992), the Court of Appeals for the Third Circuit declined to borrow the statute of limitations in the Pennsylvania Wage Payment and Collection Law in a case brought pursuant to a federal statute that did not contain a statute of limitations. The statute at issue in *Haggerty* was the Employee Protection Program which was an amendment to the Airline Deregulation Act. The Employee Protection Program "gave a protected employee not only a 'first right of hire' by any other air carrier but also a right to recall and [to] retention of seniority in his or her original air carrier employment." *Haggerty,* 952 F.2d at 785. That Program implicitly provided that an employee covered by it could bring an action based on the statutory rights that it created.

In deciding that the statute of limitations in the Pennsylvania Wage Payment and Collection Law did not apply to Haggerty's claim brought pursuant to the Employee

Protection Program, the Court of Appeals stated that

> [t]he wage payment law is for payment of wages to employees, not for hiring claims, and it is premised on a contractual obligation that an employer has to pay wages and benefits, not a statutory right like the one here.

*Id.* at 786 (footnote omitted). That reasoning applies to this case because the Plaintiffs seek to enforce a statutory right established by the Worker Adjustment and Retraining Notification Act and their action is not premised on any pre-existing contractual obligation between them and North Star Steel. However, that conclusion does not end our inquiry.

■ We may decline to borrow a state statute of limitations only where: (1) a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes; and (2) when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking. *Reed v. United Transp. Union, supra.* North Star Steel argues that the National Labor Relations Act is the appropriate statute from which we should borrow the applicable statute of limitations. The statute of limitations in that Act is six months. 29 U.S.C. § 160(b).

■ We must determine whether the National Labor Relations Act is more analogous to the Worker Adjustment and Retraining Notification Act than any available state statute. We initially note that in another action against North Star Steel which had arisen from the same facts in this case, we analogized for the purposes of awarding prejudgment interest and of awarding attorney's fees an action brought under the Worker Adjustment and Retraining Notification Act to one pursuant to the National Labor Relations Act for the purposes of awarding prejudgment interest and of awarding attorney's fees. *United Steelworkers of America v. North Star Steel Corp.,* 809 F.Supp. 5 (M.D.Pa. 1993). We supplement our conclusion in that case with the following factors.

A number of the provisions in the Worker Adjustment and Retraining Notification Act apply specifically where the terminated employees are represented by a union and other provisions explicitly refer to the National Labor Relations Act. Both the National Labor Relations Act and the Worker Adjustment and Retraining Notification Act bestow statutory rights upon employees. While the specific rights created by each statute are different, the policies behind each of the acts are consistent, mutually-reinforcing, and to some extent identical.

The purposes of the National Labor Relations Act are

> to prescribe the legitimate rights of both employees and employers in their relations affecting commerce, to provide orderly and peaceful procedures for preventing the interference by either with the legitimate rights of the other, to protect the rights of individual employees in their relations with labor organizations whose activities affect commerce, to define and proscribe practices on the part of labor and management which affect commerce and are inimical to the general welfare, and to protect the rights of the public in connection with labor disputes affecting commerce.

29 U.S.C. § 141(b).

The goal of the Worker Adjustment and Retraining Notification Act is to provide

> protection to workers, their families, and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market.

20 C.F.R. § 639.1(a) (1992). Both statutes protect employees from job loss.

The analogy between the two statutes is strengthened by the fact that the regulations interpreting the Worker Adjustment and Retraining Notification Act provide that "[c]ollective bargaining agreements may be used to clarify or [to] amplify the terms and condi-

tions of WARN, but may not be used to reduce WARN rights." 20 C.F.R. § 639.1(g) (1992). The collective bargaining procedure is one of the tools which the National Labor Relations Act placed in the hands of employees.

We are of the view that the framework and goals of the National Labor Relations Act are such that it is more analogous to the Worker Adjustment and Retraining Notification Act than to any state statute of which we are aware.

■ In the light of that conclusion we must decide whether the federal policies at stake and the practicalities of litigation make the rule borrowed from the National Labor Relations Act a significantly more appropriate vehicle for interstitial lawmaking than any state statute.

With respect to that issue, the United States Supreme Court has stated that the threshold inquiry is "whether all claims arising out of the federal statute 'should be characterized in the same way, or whether they should be evaluated differently depending upon the varying factual circumstances and legal theories presented in each individual case.' " *Agency Holding Corp. v. Malley–Duff & Assoc.'s,* 483 U.S. 143, 147, 107 S.Ct. 2759, 2762, 97 L.Ed.2d 121 (quoting *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985)). When making that inquiry, the Court of Appeals for the Third Circuit has stated that it "really entails an analysis of whether claims under a statute are enough alike so that a uniform statute of limitations should be applied to all of them, at least on a state-by-state basis." *Haggerty,* 952 F.2d at 784 (footnote omitted). The Court of Appeals in *Haggerty* further reasoned that a uniform, federal statute of limitations should be applied to claims which arise "out of a similar factual matrix." *Id.* at 785–86.

We believe that claims pursuant to the Worker Adjustment and Retraining Notification Act arise out of factually-similar circumstances in that all such claims will encompass a plant closing or mass layoff of at least 100 employees. We next address the federal policies at stake and the practicalities of litiga-

tion pursuant to the Worker Adjustment and Retraining Notification Act.

A uniform statute of limitations applied nationwide is appropriate for claims brought pursuant to the Worker Adjustment and Retraining Notification Act because, as in *Haggerty,* "[a] lack of uniformity among the many state jurisdictions in which [the claims arise] can cause uncertainty for both employees and employers." *Id.* at 786. In the regulations passed pursuant to the Worker Adjustment and Retraining Notification Act, the Department of Labor has foreseen "that Federal rulemaking cannot address the multitude of industry and company-specific situations in which [the Act will apply]." 20 C.F.R. § 639.1(b) (1992). The Department of Labor's concerns appear to include potential complications caused by the application of a patchwork of different state laws to a single company. Although all actions arising under the Worker Adjustment and Retraining Notification Act may be based upon a factually-similar scenario, problems may arise as a result of "a major automaker which has dozens of automobile plants throughout the country." 20 C.F.R. § 639.3(a)(4). A uniform statute of limitations would benefit employees and employers when a single employer may be subject to liability pursuant to the Worker Adjustment and Retraining Notification Act in various states. The practicalities of litigation arising under the Worker Adjustment and Retraining Notification Act favor a uniform, federal statute of limitations.

■ With respect to the federal policies at stake, we are of the view that the policies furthered by the Worker Adjustment and Retraining Notification Act mirror those which prompted passage of the National Labor Relations Act. There is a substantial federal interest in labor-management relations and the effect of mass layoffs on interstate commerce.

We conclude that in actions brought pursuant to the Worker Adjustment and Retraining Notification Act, it is appropriate to borrow the six-month statute of limitations set forth in the National Labor Relations Act. 29 U.S.C. § 160(b). Two other United States District Courts which have addressed the issue have reached the same result. *News-*

paper & Mail Deliverers' v. United Magazine, 809 F.Supp. 185 (E.D.N.Y.1992); Staudt v. Glastron, Inc., 8 Indiv.Empl.Rts.Cas. (BNA) 462, 1993 WL 85356 (W.D.Tex.1993); but see, Wallace v. Detroit Coke Corp., No. 92–72891 slip op., 1993 WL 104242 (S.D.N.Y. Feb. 26, 1993) (state statute of limitations applies in WARN action).

The Plaintiffs argue that North Star Steel should be equitably and collaterally estopped from asserting that the applicable statute of limitations is six months. However, the Plaintiffs have not shown that they relied upon any representation of North Star Steel and they have not shown that the issue of the statute of limitations had been raised in any case based on the same factual allegations. North Star Steel is not estopped from advancing the argument that the applicable statute of limitations is six months.

North Star Steel's motion for summary judgment should be granted because there are no material facts in dispute, the appropriate statute of limitations is six months, and this action was filed approximately 20 months after the events upon which it is based had occurred.

In the light of that conclusion, Plaintiffs' motion for summary judgment will be denied as moot.

NOW, THEREFORE, IT IS ORDERED THAT:

1. North Star Steel's motion for summary judgment based on the contention that this action is time barred is granted.

2. The Plaintiffs' motion for summary judgment is denied as moot.

3. The Clerk of Court shall enter judgment for North Star Steel.

4. The Clerk of Court shall close this file.