Michael L. **LUCZKOVICH, Plaintiff,**

v.

**MELVILLE CORPORATION, Defendant.**

**Civ. A. No. 3:95CV834.**

United States District Court,
E.D. Virginia,
Richmond Division.

Jan. 16, 1996.

John Harper Goots, Glen Allen, VA, for plaintiff.

David Christopher Burton, Douglas Michael Nabhan, Williams, Mullen, Christian & Dobbins, P.C., Richmond, VA, David Frederick Dabbs, McGuire, Woods, Battle & Boothe, Richmond, VA, for defendant.

*MEMORANDUM OPINION*

SPENCER, District Judge.

This matter is before the Court on defendant Melville Corporation's ("Melville") partial motion for judgment on the pleadings and motion to dismiss the pendent state law claim. In Count One of his complaint, plain-

tiff Michael L. Luczkovich contends that Melville violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act"). The complaint is based on the alleged failure of Melville to provide Luczkovich, a vice president of Standard Drug, with notice that employees of Standard Drug would be laid off after Standard was sold to Melville. The remaining count of the complaint alleges a pendent state law claim of breach of contract.

The Court finds that Melville is entitled to judgment on the pleadings pursuant to Fed. R.Civ.P. 12(c) on Count One because Luczkovich's WARN Act claim is barred by the applicable Virginia one year statute of limitations. Additionally, the pendent state law claims will be dismissed because there are no longer any federal claims.

### STATEMENT OF FACTS

Luczkovich was employed as vice-president and treasurer of Standard Drug in 1993. During the fall of 1993, Melville agreed to purchase Standard Drug and the sale was completed on October 12, 1993. Luczkovich received a letter advising him of Melville's intent to shut down the entire warehouse and administrative facility located in Richmond, Virginia and that Luczkovich's employment would be terminated on December 3, 1993. Luczkovich resigned from the company on October 12, 1993 and received a severance package. Two years later on October 11, 1995, Luczkovich filed the case at bar, alleging WARN Act violations.

### ANALYSIS

#### I.

Fed.R.Civ.P. 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Rule 12(c) motion is especially appropriate "when the statute of limitations provides an effective bar against plaintiff's claim and the entire controversy may be disposed of by a pretrial summary motion." 5A Wright & Miller, *Federal Practice and Procedure Civil 2d,* § 1367 at 511 (1990).

When reviewing a motion for judgment on the pleadings, the Court must view the facts presented in the light most favorable to the non-moving party, just as if the motion was a 12(b)(6) motion. *Craigs Inc. v. General Elec. Capital Corp.,* 12 F.3d 686 (7th Cir.1993).

#### II.

The WARN Act authorizes a civil enforcement action by aggrieved employees against a covered employer who fails to give 60 days notice of a plant closing or mass layoff. Luczkovich claims that Melville is covered by the Act and that the notice of termination that he received was not timely. Melville, in turn, contends that Luczkovich failed to file suit within the appropriate statute of limitations. Although the WARN Act does not include a statute of limitations, the Supreme Court has recently held that the appropriate statute of limitations for such cases is the state statute most closely analogous to the WARN Act. *North Star Steel Co. v. Thomas,* —— U.S. ——, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995).

Both parties acknowledge that there is no equivalent to the WARN Act in the Virginia Code. Accordingly, the Court must search for the most similar statute. Melville argues that § 8.01–248, which provides a one year statute of limitations, is the most analogous statute under Virginia law.[1] Section 8.01–248 covers actions for wrongful discharge as well as "every personal action, for which no limitation is otherwise prescribed." Va.Code § 8.01–248 (Supp.1993).

On the other hand, Luczkovich submits that the WARN Act should be governed by § 8.01–243(A). Section 8.01–243(A) provides a two year statute of limitations for personal injury actions. Luczkovich contends that the statute not only covers actions for bodily injury, but also includes certain rights which can be redressed by the recovery of money damages.

However, the Court must reject the plaintiff's argument because there is no basis at common law or in common sense for the contention that a WARN Act violation causes

---

1. Section 8.01–248 was recently amended to provide a two year statute of limitations but it only applies to any personal action which accrues on or after July 1, 1995.

210

personal injury. A WARN Act injury is an economic injury. Therefore, the Court finds that Melville has the better argument. While a wrongful discharge claim is not a perfect mirror for a WARN Act claim, the catchall nature of § 8.01–248 is particularly suited for "borrowing" because it explicitly operates as the default statute under Virginia law. Because Luczkovich filed his claim beyond the applicable one year limitations period, the Court must award partial judgment on the pleadings to Melville.

It should be noted that the *North Star Steel* Court did carve out a limited exception where state limitations periods would frustrate Congress' purposes in implementing the WARN Act. *North Star Steel Co.,* at ———–———, 115 S.Ct. at 1930–31. In such situations, the Supreme Court directs lower courts to look for a period "more in harmony with the objectives of the immediate cause of action." *Id.* Nevertheless, the application of § 8.01–248's one year limitations period in this matter would not stymie the purposes of the Act. In other words, this case falls within the rule, not the exception. The one year limitations period in § 8.01–248 allowed Luczkovich plenty of time to file his suit.

### CONCLUSION

For the foregoing reasons, the Court hereby DISMISSES that portion of the complaint that involves WARN Act violations. As such, the pendent state law claims are DISMISSED as well.

An appropriate Order shall issue.

### FINAL ORDER

This matter is before the Court on defendant Melville Corporation's motion for partial judgment on the pleadings and motion to dismiss pendent state law claims. For the reasons stated in the accompanying memorandum, the Court hereby GRANTS the defendant's motions.

The Clerk is DIRECTED to send copies of this Order to all counsel of record.