John P. BUTLER, Anthony Barone,
Thomas Polacheck, Plaintiffs,

v.

GIANT MARKETS, INC., Town & Country, Inc., Affiliated Food Distributors, Inc., Joseph S. Hodin, William Hodin, and Jack Hodin, Defendants.

No. 3:CV–96–0454.

United States District Court,
M.D. Pennsylvania.

April 10, 1997.

Robert C. Nowalis, Wilkes–Barre, PA, for Plaintiffs.

Howard Rothenberg, Scranton, PA, for Giant Markets, Inc. and Joseph S. Hodin, William Hodin and Jack Hodin.

James Gibbons, Scranton, PA, for Town & Country, Inc. and Affiliated Food Distributors, Inc.

## MEMORANDUM

VANASKIE, District Judge.

On March 15, 1996, the plaintiffs, John P. Butler, Anthony Barone and Thomas Polacheck, instituted this action under the Workers Adjustment and Retraining Act (WARN), 29 U.S.C. § 2101 *et seq.*, against Giant Markets, Inc., Town and Country Markets, Inc., Affiliated Food Distributors, Inc., Joseph S. Hodin, William Hodin, and Jack Hodin, alleging that the defendants failed to give the plaintiffs sixty days notice of the closing of the stores in which they worked. The closings occurred in connection with the sale of the stores to either Town & Country or Affiliated Food. WARN requires, *inter alia,* that employers of more than 100 persons provide a minimum of sixty (60) days written notice before "the permanent or temporary shut down of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any thirty-day period for fifty or more employees excluding any part-time employees." 29 U.S.C. § 2101(a)(2).

On May 28, 1996, defendant Giant[1] moved to dismiss the plaintiffs' complaint, asserting that (1) this action is time-barred; (2) plaintiff Polacheck was not an employee of Giant when the store in which he worked was sold, and (3) the various stores involved were not a "single site of employment" under WARN. (Dkt. Entry 7.) In support, Giant submitted the affidavit of Joseph S. Hodin, Giant's president. (Dkt. Entry 8, Exhibit A.) On the same day, defendants Town & Country and Affiliated Food moved to dismiss the plaintiffs' complaint for all of the same reasons as Giant, as well as contending that neither Town & Country nor Affiliated Food employed sufficient employees to fall under the provisions of WARN. (Dkt. Entry 12.) On July 18, 1996, I issued an Order advising the parties that their motions to dismiss would be treated as motions for summary judgment. (Dkt. Entry 23.) The parties were ordered to submit any evidentiary materials they deemed relevant to the issues raised in the defendants' motions. (*Id.*) The parties have made their respective submissions.

Because I find that the plaintiffs instituted this action is a timely manner, I will deny the motions based on the limitations defense. As to Giant's claim that plaintiff Polacheck was terminated for cause and not protected under WARN, I will deny the motion for summary judgment as there is a genuine issue of fact as to whether Polacheck had been laid off or terminated for cause. As to Giant's claim that the stores were not a "single site of employment," I will deny the motion for summary judgment as there is a genuine issue of material fact as to whether a "single site of employment" existed. As to Town & Country's motion, I will grant the motion for summary judgment as plaintiff Butler admitted that he continued in his employment with Giant after the sale and there were no other plaintiffs affected by the closing of the one store bought by Town & Country. As to Affiliated Food's motion, I will deny their motion as a genuine issue of material fact exists on the "single site of employment" issue.

## I. BACKGROUND[2]

Giant had been the owner of a substantial chain of grocery stores. At its zenith, Giant had twenty-one stores in operation. By 1993, Giant's business had declined to six grocery stores.

On or about March 24, 1993, Giant sold its store located at 30 Hanover Street, Wilkes–Barre, Pennsylvania (Hanover store) to defendant Town & Country. Giant closed the Hanover store on or about April 17, 1993. There were fifteen persons employed at the Hanover store at the time of the closure.

Pursuant to an agreement dated May 11, 1993, Giant sold four of its remaining stores to defendant Affiliated Food. The stores sold to Affiliated Food and the number of persons employed at each store were as follows:

| | |
|---|---|
| Honesdale Store<br>Route 6 Mall, Honesdale, PA | 33 employees |
| Keyser Oak Store<br>Keyser Oak Plaza, Scranton, PA | 22 employees |
| Kingston Store<br>750 Wyoming Avenue, Kingston, PA | 27 employees |
| Dunmore Store<br>320 S. Blakely Street, Dunmore, PA | 19 employees |

The Dunmore, Honesdale, Kingston, and Keyser Oak facilities were closed on or about May 12, 1993. Because of the geographic distances between the stores, in order to attain the 50 terminated employees at a single site requirement under WARN, it is necessary to aggregate stores separated by a distance of at least 20 miles.[3]

Each of the stores in question was included under a single collective bargaining agreement, with Giant's unionized employees being represented by the United Food & Commer-

---

**1.** The designation "defendant Giant" also refers to defendants Joseph S. Hodin, William Hodin and Jack Hodin.

**2.** Because this case stems from the same facts as an earlier WARN case involving the same defendants and the same sales, the statement of facts in this opinion is taken from my Memorandum opinion of January 13, 1995 denying summary judgment in that case. *See United Food & Com-*

*mercial Workers Union Local No. 72 v. Giant Markets, Inc.*, 878 F.Supp. 700, 703–04 (M.D.Pa. 1995).

**3.** For a detailed description of the geographic distances separating the various stores, see *United Food & Commercial Workers Union*, 878 F.Supp. at 704 n. 7.

cial Workers Union, Local 72. Since 1965, the terms and conditions of employment for Giant's unionized employees have been negotiated by Giant's centralized management group, and have not been negotiated by individual store managers.

Plaintiff Barone had worked for Giant for approximately 37 years, the last 17 of which as store manager of Giant's Dunmore store.[4] Presumably, his employment with Giant terminated on May 12, 1993 with the sale of the Dunmore store to Affiliated Food. Plaintiff Polacheck had worked for Giant for approximately 26 years, the last 18 of which as a store manager.[5] His employment with Giant was terminated on May 1, 1993, at which time he was working in Giant's Kingston store. Giant did not close the Kingston store until May 12, 1993. Plaintiff Butler was also a Giant employee who was covered by the collective bargaining agreement. Butler was working as the manager of Giant's Hanover store when it was sold to Town & Country in March of 1993. Thereafter, he served as store manager at the Kingston location until it was sold by Giant on May 12, 1993.

It is undisputed that Giant is an "employer" as that term is defined in WARN. 29 U.S.C. § 2101(a)(1). It is also undisputed that Giant did not provide sixty days advance written notice of the closures of the five stores in question.

## II. DISCUSSION

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Facts that could alter the outcome

are material facts." *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 197 (3d Cir.), cert. denied, —— U.S. ——, 115 S.Ct. 590, 130 L.Ed.2d 503 (1994). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 329, 106 S.Ct. 2548, 2555–56, 91 L.Ed.2d 265 (1986). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir.1988); *Continental Ins. Co. v. Bodie*, 682 F.2d 436 (3d Cir.1982). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514. The affirmative evidence must consist of verified or documented materials. Mere conclusory allegations or denials taken from the pleadings are insufficient to withstand a motion for summary judgment once the moving party has presented evidentiary materials. *Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir.1990).

### A. Statute of Limitations under WARN

There are no disputes as to the relevant dates in this action. On or about March 24, 1993, Giant sold its store located at Hanover Street, Wilkes–Barre, Pennsylvania to defendant Town & Country. On April 17, 1993, the Hanover store was closed. On May 11, 1993, Giant sold its remaining four regional stores to Affiliated Food. Those stores were closed on May 12, 1993. The plaintiffs filed

4. These facts are taken from Mr. Barone's affidavit filed in the earlier action. Barone's affidavit recited facts that generally favored Giant's argument that the separate store locations could not be aggregated to form a single site of employment.

5. These facts are taken from Mr. Polacheck's affidavit in the earlier action, which was submitted in support of the Union's single site argument.

this action on March 15, 1996, nearly three years later.

While agreeing that Pennsylvania's limitation scheme is applicable to the WARN Act claims, *see North Star Steel Co. v. Thomas,* 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995), the parties dispute which Pennsylvania statute of limitations should be applied. The defendants argue that Pennsylvania's two year statute of limitations, which covers both personal injury and statutory penalty claims, applies to actions under WARN.[6] In this regard, the defendants argue that the most analogous cause of action is one for wrongful discharge, to which Pennsylvania has applied the two year limitation period. *See Monkelis v. Scientific Sys. Servs.,* 653 F.Supp. 680, 683 (W.D.Pa.1987); *see also Mazzanti v. Merck & Co., Inc.,* 770 F.2d 34, 36 (3d Cir.1985) (finding a two year statute of limitations applicable for claims of intentional interference with contractual relations); *Torchia v. Keystone Foods Corp.,* 431 Pa.Super. 83, 635 A.2d 1082 (1993) (same), *app. denied,* 537 Pa. 666, 644 A.2d 1203 (1994).[7]

On the other hand, the plaintiffs argue that the two year statute of limitations is inapplicable. Instead, the plaintiffs propose various statutes of limitation, under all of which this action would be timely. First, the plaintiff notes that this action is akin to one under the Pennsylvania Wage Payment and Collection Law, which provides a three year statute of limitations "for the collection of unpaid wages." *See* 43 Pa. Cons.Stat. Ann. § 260.9a(g). Second, the plaintiffs argue that the four year limitation period for "an action upon a contract implied in law" could apply. 42 Pa. Cons.Stat. Ann. § 5525(4). Finally, the plaintiffs argue that Pennsylvania's residual six year statute of limitations could apply because there is no other limitation period which explicitly covers this action. 42 Pa.Stat. Ann. § 5527.

The United States Supreme Court has declared that the most analogous state law statute of limitations applies to a WARN action. *See North Star Steel Co. v. Thomas,* 515 U.S. 29, ——, 115 S.Ct. 1927, 1931, 132 L.Ed.2d 27, 33 (1995). In affirming the Third Circuit decision to apply Pennsylvania's statute of limitations scheme, as opposed to the National Labor Relations Act's six-month limitations period, the Court stated:

> [T]he [Third Circuit] identified four Pennsylvania statutes of limitations that might apply to WARN claims: the 2–year period for enforcing civil penalties generally; the 3–year period for claims under the Pennsylvania Wage Payment and Collection Law; the 4–year period for breach of an implied contract; and the six years under the residual statute of limitations.

*Id.* (citations omitted). The Court stated that none of these statutes of limitations would be inconsistent with the "purpose and operation" of WARN. *Id.* Because the action would have been timely under any of the proposed periods, neither the United States Supreme Court nor the Third Circuit indicated which Pennsylvania limitations period was applicable. *Id.; see also United Steelworkers of Am. v. Crown Cork & Seal Co., Inc.,* 32 F.3d 53, 61 (3d Cir.1994), *aff'd,* 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995).

The precise issue in this case is whether a two year limitations period is applicable. Stated otherwise, the question is whether the claims covered by Pennsylvania's two year statute are " 'most closely analogous' " to plaintiffs' WARN claims. *North Star Steel,* 515 U.S. at ——, 115 S.Ct. at 1930–31, 132 L.Ed.2d at 32.

Under 42 Pa. Cons.Stat. Ann. § 5524(5), a claim under a statute for a civil penalty or forfeiture must be commenced within two years. Although WARN does

---

**6.** First, defendants rely upon 42 Pa. Cons.Stat. Ann. § 5524(2), which provides that a plaintiff has two years to bring an action "for injuries to the person or for the death of an individual caused by the wrongful act or negligence or unlawful violence of another." Second, the defendants rely upon 42 Pa. Cons.Stat. Ann. § 5524(5), which requires a plaintiff to bring "[a]n action upon a statute for a civil penalty or forfeiture" within two years.

**7.** In these cases, the courts rely upon 42 Pa. Cons.Stat. Ann. § 5524(3), which assigns a two year limitation period for "[a]n action for taking, detaining or injuring personal property, including actions for specific recovery thereof."

provide a statutory *remedy,* it cannot be considered a civil penalty or a forfeiture. *See Wholesale & Retail Food Distribution Local 63 v. Santa Fe Terminal Servs., Inc.,* 826 F.Supp. 326, 331 (C.D.Cal.1993) (holding that WARN was enacted to "soften the blow" on employees—not to penalize the employer). Given the remedial goals of WARN, it cannot be considered a penalty or a forfeiture. Therefore, Pennsylvania's statute of limitations governing civil penalties and forfeitures does not govern a WARN claim.

■ Under 42 Pa. Cons.Stat. Ann. § 5524(2), a two year limitation period applies to any action for personal injuries caused by the negligence of another. Further, § 5524(3) covers tortious injuries and damage to personal property. Although there is no perfect analogy with Pennsylvania law, a WARN claim is not analogous to a tort claim for personal injury or an injury to property. *See United Paperworkers Local 340 v. Specialty Paperboard, Inc.,* 999 F.2d 51, 57 (2d Cir.1993) (noting that traditional tort concepts have no application to a WARN claim).

The defendants argue that a WARN claim closely resembles a claim for wrongful discharge, for which at least one court has applied Pennsylvania's two year statute of limitations.[8] A WARN claim, however, is different from a wrongful discharge action. There is no contention that the employer could not discharge the employees; instead, WARN obligates the employer to give sixty days notice prior to any termination. In this regard, courts which have analogized a wrongful discharge claim to a WARN action have done so through a contract analysis, not a tort analysis. *See United Paperworkers Local 340,* 999 F.2d at 57; *Luczkovich v. Melville Corp.,* 911 F.Supp. 208, 209–10 (E.D.Va.1996). In *Luczkovich,* the court noted that WARN claims involve economic injury, not personal injury. *Id.* at 209–10. Although wrongful discharge was not a perfect analogy, the court noted that the same Virginia statute also served as a "catch-all" such

that its application to a WARN claim would be appropriate. *Id.*

■ Given the approach of these courts, I am persuaded that the limitations periods covering tortious personal and property injury, including wrongful discharge, are not closely analogous to a WARN claim. WARN does not involve personal injuries. WARN does not relate to wrongful retention or injury to personal property. Nor does it resemble tortious interference with contractual relations. Instead, WARN relates to the economic injury that a worker suffers as a result of the abrupt severance of his or her contractual relationship with the employer. Viewed in this context, a WARN claim is more analogous to a claim for a breach of an implied contract or a claim under the Wage Payment and Collection Law, as both relate to an employer's obligation to his or her employees.

From a contract perspective, WARN essentially establishes an obligation on the part of an employer to make a "severance" payment if it fails to warn its employees of an impending plant closure. Failure to provide the required notice resembles breach of a contractual obligation with a liquidated damage remedy. In fact, the vast majority of courts have determined that a WARN claim more closely resembles a contract action than a tort action. *See International Union, United Plant Guard Workers of Am. v. Johnson Controls World Servs., Inc.,* 100 F.3d 903, 906 (11th Cir.1996) (finding that a claim for specific performance of a contract most closely resembles a WARN claim); *Staudt v. Glastron, Inc.,* 92 F.3d 312, 316 (5th Cir.1996) (stating that most courts adopt a contract statute of limitations for WARN claims as it relates to a debt for wages that are owed); *Aaron v. Brown Group, Inc.,* 80 F.3d 1220, 1225 (8th Cir.) ("[WARN] most closely analogous to an action to recover for a breach of an implied contract (or breach of an obligation) to notify employees before terminating them."), *cert. denied,* —— U.S. ——,

---

**8.** One federal district court has predicted that Pennsylvania would adopt the two year statute of limitations for a wrongful discharge claim. *See Monkelis v. Scientific Sys. Servs.,* 653 F.Supp. 680, 683 (W.D.Pa.1987). In that case, the court held that wrongful discharge was similar to a claim for tortious interference with contractual relations, to which the two year statute has been applied. *Id.*

117 S.Ct. 361, 136 L.Ed.2d 252 (1996); *Frymire v. Ampex Corp.*, 61 F.3d 757, 764 (10th Cir.1995) ("WARN remedy of back pay mirrors the type of remedy afforded those who fall victim to an implied contract breach—giving individuals what they would have been entitled to had there been no breach."), *cert. denied*, —— U.S. ——, 116 S.Ct. 1588, 134 L.Ed.2d 685 (1996); *United Paperworkers Local 340*, 999 F.2d at 57 ("[A contract claim] shares with a WARN claim an interest in protecting workers from unexpected joblessness or loss of hours."); *Siniscalchi v. Shop–Rite Supermarkets, Inc.*, 903 F.Supp. 182, 189–90 (D.Mass.1995) (noting that negligence of the employer is not relevant and that Congress intended to compensate workers for their reliance interests); *Bell v. Philips Elec. of the Netherlands*, 897 F.Supp. 938, 940 (N.D.W.Va.1995) (applying contract limitations period which promoted the purposes of WARN and allowed workers adequate time to discover their rights); *Wallace v. Detroit Coke Corp.*, 818 F.Supp. 192, 197 (E.D.Mich.1993) (applying statute of limitations for implied contracts to a WARN claim).[9] Even in states which provide at-will employment, courts have adopted the implied contract analogy to WARN claims. *See Aaron*, 80 F.3d at 1266; *Frymire*, 61 F.3d at 764; *United Paperworkers Local 340*, 999 F.2d at 57.

Pennsylvania's Wage Payment and Collection Law, 43 Pa. Cons.Stat. Ann. § 260.1 *et seq.*, creates a right to bring an action against an employer for back wages and other earned compensation. Such an action, while resembling a contract action as it relates to the employer's contractual duty to provide earned compensation to his or her employees, is specifically governed by a three year limitations period. This Pennsylvania statutory cause of action also resembles a WARN action as its intent is remedial—to provide an injured employee with a means to recover not only unpaid wages but liquidated damages as well. 43 Pa. Cons.Stat. Ann. § 260.10. In this regard, it serves to ensure that employers will honor their obligation to pay terminated employees the wages they had earned before being laid off. Therefore, one could reasonably argue that WARN and Pennsylvania's Wage Payment and Collection Law are closely analogous.[10]

Given the similarities between a WARN action, an implied contract action, and a Wage Payment and Collection Law action, a determination of which cause of action is more closely analogous to a WARN claim is exceedingly difficult. Reasonable arguments can be made to support both positions. Under these facts, however, there is no need to choose one or the other. Because this action

**9.** Further, legal commentators have also concluded that WARN most closely resembles an action for a breach of a contractual relationship. *See* Vanessa Z. Goddard, *North Star Steel Company v. Thomas: Time for a Warning*, 98 W. Va. L.Rev. 1149, 1170 (1996) ("The type of interest harmed in [WARN] suits is contractual. When an employer unilaterally and radically changes an employee's terms of employment without notice and the employee is suddenly discharged from employment, he is essentially breaching that worker's employment contract."); Jason E. Markel, *Divining a Statute of Limitations for the Workers Adjustment & Retraining Notification ("WARN") Act: Application of State Statutes of Limitations Versus the NLRA Six–Month Statute of Limitations*, 1995 Det. C.L. Mich. St. U.L.Rev. 1029, 1054 ("Ostensibly, the most analogous general civil action would probably be for breach of contract.... To make a strong analogy to a breach of contract claim, the WARN Act would have to be read as implying a minimal amount of notice for plant closings and mass layoffs in employment contracts of all covered employees. In effect, that is exactly what the WARN Act has done.").

**10.** In determining that Pennsylvania's Wage Payment and Collection Law was inapplicable to a WARN claim, Judge Muir noted that the Wage Payment and Collection Law "does not create an employee's right to compensation but only establishes a right to enforce the payment of wages and compensation to which an employee is otherwise entitled." *Thomas v. North Star Steel Co., Inc.*, 838 F.Supp. 970, 972 (M.D.Pa.1993) (citing *Weldon v. Kraft. Inc.*, 896 F.2d 793 (3d Cir. 1990)), *rev'd on other grounds*, 32 F.3d 53 (3d Cir.1994), *aff'd* 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). Judge Muir reasoned that because WARN provided a statutory right, not a contractual right, the Wage Payment and Collection Law did not apply to WARN claims. *Id.* (citing *Haggerty v. USAir, Inc.*, 952 F.2d 781, 786 (3d Cir.1992)). In this case, the plaintiffs' action is timely under either the Wage Payment and Collection Law or Pennsylvania's limitations period for implied contracts. Therefore, there is no need to consider whether Pennsylvania's Wage Payment and Collection Law is inapplicable to this claim.

is timely under either the Wage Payment and Collection Law or a claim for a breach of an implied contract, defendants' motion to dismiss this action as untimely will be denied.[11]

### B. Polacheck's Claim

█ The defendants argue that Polacheck's claim must fail as he was terminated prior to the May 12 sale, and was thus no longer an "affected employee" under the statute. In his supplemental affidavit, Joseph S. Hodin alleges that Polacheck was fired for cause on May 1, 1993. (Hodin Supp. Affidavit (Dkt. Entry 28) Exhibit A, ¶ 6.) Hodin also claims that all negotiations to sell the stores were on hold when Hodin made his decision to terminate Polacheck. (*Id.* ¶ 11.) On the other hand, Polacheck, a Giant employee for over twenty-five years, claims that he had been temporarily laid off, that he did not voluntarily quit, and that he received unemployment compensation benefits without any objection from Giant. (Polacheck Affidavit (Dkt. Entry 26) ¶¶ 21–24.) An employee on temporary lay-off with a reasonable expectation of being recalled is a covered employee under WARN. 20 C.F.R. § 639.3(a)(1); *Kildea v. Electro Wire Prods., Inc.*, 792 F.Supp. 1046, 1049–50 (E.D.Mich. 1992); *Jones v. Kayser–Roth Hosiery, Inc.*, 748 F.Supp. 1292, 1298, *amended on other grounds*, 753 F.Supp. 218 (E.D.Tenn.1990). In this case, there is a genuine issue of fact as to whether Polacheck, a Giant employee for over twenty-five years, was laid off and had a reasonable expectation that he would be recalled to work. Both sides have submitted affidavits which contradict each other on all relevant points. Given the lack of conclusive evidence, summary judgment would not be appropriate.

### C. Single Site of Employment

█ As noted earlier, I have already encountered identical arguments as to whether Giant's stores constituted a "single site of employment" under WARN. *See United Food & Commercial Workers Union v. Giant Markets, Inc.*, 878 F.Supp. 700 (M.D.Pa. 1995). In that case, I was presented with the affidavit of Joseph S. Hodin, which was more detailed than his affidavit presented in this case.[12] Further, Thomas Polacheck, although not a plaintiff in the original case, submitted an affidavit which mirrors the one presented in this case. In response to this material, I held:

> There are, however, genuine disputes concerning the management, structure, workforce, individual store autonomy, and sharing of equipment. . . .

> Significantly, neither Giant nor the Plaintiffs have submitted any evidence concerning the extent to which there was employee and equipment interchanges among the stores in question. Assuming, *arguendo*, that there was extensive employee and equipment sharing between geographically-proximate stores, such as Dunmore and Keyser Oak Stores, it does not necessarily follow that geographically remote stores, such as the Honesdale Store, should be considered part of a "single site of employment." In other words, if there was little or no interchange between Honesdale and the other Giant Stores, the nearest of which was located more than 30 miles from the Honesdale Store, then the Honesdale Store may fall within the general rule governing geographically-separate workplaces and constitute a "single site of employment." Since there is no evidentiary record on this important fact, resolution of the

---

11. The plaintiffs have argued that Pennsylvania's six year residual statute of limitations should apply because there are no perfect analogies for a WARN claim. The United States Supreme Court has indicated that it is "unlikely that Congress would have intended such a [residual] statute of limitations to apply." *Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 153, 107 S.Ct. 2759, 2765, 97 L.Ed.2d 121 (1987); *see also Haggerty v. USAir, Inc.*, 952 F.2d 781, 786 (3d Cir.1992). Although it is unlikely that this residual statute of limitations would apply to a WARN claim, there is no need to consider its application in this suit as the plaintiffs' action is timely under shorter limitation periods.

12. For example, in his previous affidavit, Joseph Hodin stated that Giant employee worked only 2% of their hours outside of their "home stores." *Id.* at 708. In this case, Joseph Hodin's affidavit provides no such statistical evidence.

"single site of employment" issue on summary judgment motions is inappropriate. *Id.* at 709 (footnote omitted).

Despite this guidance, the defendants have failed to address the concerns which were raised in my prior opinion. Given the identical facts and the absence of any additional evidence, I will deny, without prejudice, the defendants' motion for summary judgment on the single site issue for the same reasons as articulated in my prior opinion.

### D. The Claim Against Town & Country

■ The claim against Town & Country relates to the failure to provide plaintiff Butler notice of the closing of the Hanover store in which Butler worked. Apparently, Butler was the only plaintiff working at the Hanover store on April 17, 1993 when it was closed.[13] Butler stated that he was not interested in any part-time employment with Town & Country because he "was still in the employ of Giant Markets, Inc., after the closing of the Hanover Street store. After the Hanover Street store closed I became the manager of Giant's Kingston store." (Butler Affidavit (Dkt. Entry 25) ¶ 3.) Because Butler did not lose his job as a result of the Hanover store closing, he cannot maintain an action against Town & Country for failing to provide adequate notice of its intention to close the Hanover store. 29 U.S.C. § 2101(b)(2). Given that no other plaintiff lost his job as a result of the Hanover store closing, Town & Country's motion for summary judgment will be granted.

### E. Giant's Job Offers

■ Giant contends that Joseph Hodin offered Barone and Butler jobs at its Meadow Avenue store after the May 12, 1993 closings. (Hodin Supp. Affidavit (Dkt. Entry 28) ¶¶ 4–5.) Giant maintains that Barone and Butler

both refused continued employment and voluntarily terminated their employment with Giant. (*Id.*) Under such circumstances, Barone and Butler would not be permitted to pursue a WARN claim. 29 U.S.C. § 2101(b)(2). The plaintiffs have failed to respond to these allegations or provide any affidavits which would dispute the accuracy of Hodin's recollection. Instead, the plaintiffs have filed a motion to strike Hodin's supplemental affidavit, contending that it went beyond the scope of Giant's original motion. (Dkt. Entry 32.) Although it is true that these assertions go beyond Giant's original claims, I will not strike the affidavit. Neither will I grant Giant's motion at this time. In light of the numerous factual and legal issues which remain unresolved, it is appropriate to deny, without prejudice, Giant's motion for summary judgment on the issue of employment offers to Barone and Butler.[14]

### III. CONCLUSION

After considering the various Pennsylvania statutes of limitations which might be applicable to a WARN claim, I have determined that Pennsylvania's two year statute of limitations for personal injury, property injury, or claims for a civil penalty or forfeiture is not applicable. Because the plaintiffs' action is timely under any of the remaining periods, I will not determine at this time the exact period of limitations which applies to plaintiffs' claims. It is enough that this action is timely under (1) the Wage and Payment Collection Law, (2) a the limitations period for breach of an implied contract, and (3) Pennsylvania's residual statute of limitations.

Further, there remains a genuine issue of fact as to whether or not Polacheck was laid off and reasonably anticipated being recalled by Giant. Therefore, Giant's request for

---

13. Plaintiff Thomas Polacheck was employed at Giant's Kingston store until May 1, 1993. (Polacheck Affidavit (Dkt. Entry 26) ¶ 1.) Plaintiff Anthony Barone has not submitted an affidavit in support of his claim, nor has the plaintiffs' pleading indicated in which store Mr. Barone was working. Joseph Hodin, in his supplemental affidavit, indicated that plaintiff Barone was working for Giant on May 11, 1993, when the sale to Affiliated Food took place. (Hodin Supp. Affidavit (Dkt. Entry 28) ¶ 5.) In an affidavit filed in the

earlier action, Barone stated he was store manager at Giant's Dunmore location.

14. The Hodin supplemental affidavit indicates that Butler and Barone were offered store clerk positions. This would imply a demotion, but the record is silent as to how their salary would be affected. Nor have the parties addressed the implication of a job offer at a reduced wage.

summary judgment against Polacheck on the grounds that he was terminated prior to the May closings will be denied.

As to the defendants' assertions that there was no "single site of employment," this claim must fail because the record has not been sufficiently developed as to the inter-relationship between the regional stores. Therefore, the defendants' motions for summary judgment on the "single site of employment" ground will be denied without prejudice and may be reasserted when the record on these issues are more fully developed.

Finally, Town & Country's motion for summary judgment will be granted as there are no plaintiffs who suffered an adverse employment action as a result of the Hanover store closing. Although Butler was working at the Hanover store at the time of the closure, he admits that he was transferred by Giant to the Kingston Store. As there are no affected employees relevant to Town & Country's decision to close the Hanover store, Town & Country's motion for summary judgment will be granted.

### ORDER

AND NOW, therefore, in accordance with the attached Memorandum, it is hereby **ORDERED THAT:**

1) Defendant Giant Markets' motion to dismiss or in the alternative for partial summary judgment (Dkt. Entry 7) is **DENIED, WITHOUT PREJUDICE.**

2) Defendant Affiliated Food's motion to dismiss or in the alternative for partial summary judgment (Dkt. Entry 12) is **DENIED, WITHOUT PREJUDICE.**

3) Defendant Town & Country's motion to dismiss or in the alternative for partial summary judgment (Dkt. Entry 12) is **GRANTED.**

4) The Clerk of Court is directed to enter judgment in favor of defendant Town & Country and against the plaintiffs.

5) The plaintiffs' motion to strike the reply brief of Giant Markets (Dkt. Entry 29) is **DENIED.**